In re John E. MAYER, a/k/a John E. Mayer and Associates, and Deborah Jean Mayer, Debtors.

SPANEL INTERNATIONAL, LTD., Plaintiff,

v.

John MAYER, Defendant.

Nos. 92 B 1010, 92 B 6155 and 93 C 3931. Adv. No. 92 A 1324.

United States District Court, N.D. Illinois, E.D.

Feb. 7, 1994.

William J. Moroney and Lawrence Friedman, Law Offices of Lawrence Friedman, Chicago, IL, for Spanel Intern. Ltd., plaintiff.

Kenneth A. Michaels, Jr., Kenneth Michaels & Associates, Chicago, IL, for John Mayer, defendant.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

### FACTS

In 1990, John Mayer ("Mayer") was experiencing financial difficulties. In order to complete a drug manual he was preparing, Mayer borrowed $100,000 from Spanel International ("Spanel"). Mayer, a clinical psychologist, allegedly had received a purchase order for 5,000 copies of the manual. The purchase order was purportedly signed by an official of a branch of the Chicago Board of Education and had a value of $750,000. Mayer used the purchase order as partial collateral for the loan he obtained from Spanel.

On January 16, 1992, Mayer filed his Chapter 11 bankruptcy petition. The case was converted to a Chapter 7 liquidation on April 1, 1992. The United States Bankruptcy court for the Northern District of Illinois Eastern Division held, on May 5, 1993, that the promissory note between Spanel and Mayer was a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court also concluded that Spanel was not entitled to attorney's fees pursuant to the terms of the promissory note.

Both Mayer and Spanel appeal from the bankruptcy court's judgment against Mayer. Mayer appeals from the bankruptcy court's holding that the evidence supported a determination of fraud against Mayer, which supported its finding that the debt he owed to Spanel was nondischargeable. Spanel, on the other hand, appeals the bankruptcy court's denial of attorney's fees. The appeal raises the following issues: First, whether the bankruptcy court erroneously found that Spanel proved a *prima facie* case that the debt was nondischargeable; second, whether Spanel should be awarded attorney's fees pursuant to the conditions of the promissory note.

### DISCUSSION

#### I. Standard of Review

■ Factual findings of the bankruptcy court are subject to a clearly erroneous standard of review. Bankr.Rule 8013, 11 U.S.C. (1993). However, a district court reviews conclusions of law *de novo. In re Scarlata*, 127 B.R. 1004 (N.D.Ill.1991).

#### II. Dischargeability of Debt

■■ A debt is discharged pursuant to a bankruptcy court's order unless it is specifically excepted under the Bankruptcy Code. Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt: "[F]or money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (1993). There are three elements of a *prima facie* case under section 523(a)(2)(A). *In re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985). First, the creditor must prove that the debtor obtained the money through representations which the debtor either knew to be false or made with reckless disregard for the truth so as to constitute willful misrepresentation. *Id.* Second, the creditor must prove that the debtor possessed scienter: an intent to deceive. *Id.* Third, the creditor must show that it actually and reasonably relied on the false representation. *Id.*

Mayer claims that the bankruptcy court erred in finding that Spanel established these three elements, and asks this court to reverse the decision of the bankruptcy court. After reviewing the bankruptcy court's deci-

sion, however, this court finds that its factual findings were not clearly erroneous.

This court finds that the bankruptcy court did not err in finding that section 523(a)(2)(A) was satisfied in this case. While the court agrees that the bankruptcy court erroneously found that Mayer actually knew the purchase order was not authentic, this mistake is inconsequential. The bankruptcy court's error does not require reversal of its ruling since recklessness is sufficient to establish the first element of a *prima facie* case under section 523(a)(2)(A). *In re Kimzey*, 761 F.2d at 423. The bankruptcy court stated: "Even if the evidence did not support [a finding that Mayer knew the purchase order was not authentic], I would nevertheless find that Dr. Mayer would have been reckless. . . . " The court's finding was based on the context of the overall transaction. Testimony established that Mayer was in desperate financial circumstances, but he did not follow up on a $750,000 purchase offer for the manual he was working on. Mayer then pledged the unconfirmed purchase order in support of the loan from Spanel, something the bankruptcy court found "reckless at the very least."

■ The bankruptcy court also relied on the circumstances surrounding the loan to Spanel in this case to support its finding that Mayer intended to deceive Spanel. An intent to deceive may logically be inferred from a false representation which the debtor knows or should know will induce another to make a loan. *In re Kimzey*, 761 F.2d at 424. Since the bankruptcy court properly found that Mayer should have known the purchase order was not authentic, it was not clearly erroneous for it to infer that it intended to deceive Spanel.

■ Lastly, the court finds that the bankruptcy court's conclusion that Spanel reasonably and actually relied on Mayer's false representations was not clearly erroneous. The bankruptcy court found that since Mayer provided Spanel with documentation, which appeared genuine, its reliance was reasonable. Also, the bankruptcy court's finding of actual reliance by Spanel was well supported by the evidence. Spanel independently inquired into the progress of the purchase agreement after it made the loan. In addition, the purchase agreement was specifically mentioned by the documentation of the loan. Further, the bankruptcy court stated: "Mr. King [the owner of Spanel] testified that he relied on this matter and I accept his testimony."

In sum, this court finds that the bankruptcy court's factual conclusions were not clearly erroneous. Spanel sufficiently established a *prima facie* case under section 11 U.S.C. § 523(a)(2)(A) (1993).

### III. Attorney's Fees

■ The promissory note between Mayer and Spanel provides for an award of attorney's fees incident to collection. The bankruptcy court, however, refused to award Spanel attorney's fees because section 523(a)(2)(A) does not specifically provide for them. Because the issue of whether the bankruptcy court should have awarded attorney's fees to Spanel in this case is a question of law, this court reviews the decision *de novo*.

The Seventh Circuit addressed the issue of whether attorney's fees are nondischargeable in *Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir.1987). "Ancillary obligations," the court stated, "such as attorneys' fees and interest may attach to the primary debt; consequently, their status depends on that of the primary debt." *Id.* The court found that since the debtor's obligation was nondischargeable, the award of attorney's fees to which the debtor stipulated in a consent judgment was also nondischargeable. *Id.*

In the present case, the promissory note between the parties explicitly provides for attorney's fees incident to collection of the debt. Also, the bankruptcy court held that the primary debt, the promissory note, was nondischargeable under 11 U.S.C. § 523(a)(4) (1993). Therefore, under the rationale in *Klingman*, since the primary debt was nondischargeable, the bankruptcy court should have awarded Spanel attorney's fees in this case.

### CONCLUSION

The decision of the bankruptcy court is affirmed in part and reversed in part. This

case is remanded to the bankruptcy court for a determination of Spanel's reasonable attorney's fees.

IT IS SO ORDERED.