In re Richard MAESTRELLI, Debtor.

BARNETT BANK OF TAMPA, N.A., Plaintiff,

v.

Richard MAESTRELLI, Defendant.

Bankruptcy No. 92–11549–8P7.
Adv. No. 92–893.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 28, 1994.

Betsy L. Benedict, Tampa, FL, for plaintiff.

Buddy D. Ford, Thomas G. Long, Co-Counsel, Tampa, FL, for debtor/defendant.

### ORDER ON MOTION FOR COSTS AND ATTORNEY'S FEES

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Costs and Attorney's Fees filed by Richard Maestrelli (Debtor), the Defendant in the above-captioned adversary proceeding. The facts relevant to the resolution of this controversy as they appear from the record are as follows:

On November 30, 1992, Barnett Bank of Tampa, N.A. (Barnett) filed its original complaint in which it set forth two claims seeking a determination of non-dischargeability and one claim seeking a denial of the general bankruptcy discharge. The original complaint was dismissed for lack of proper service.

On December 11, 1992, Barnett filed its amended complaint. On February 9, 1993, this Court entered an Order and granted the Debtor's Motion to Dismiss and dismissed the Amended Complaint without prejudice with leave granted to Barnett to file a second amended complaint within ten days from the date of entry of the Order. On February 16, 1993, Barnett filed its Second Amended Complaint which was again attacked by the Debtor but this Court denied the Motion to Dismiss and directed the Debtor to file an answer which was in fact filed on March 30, 1993.

The Second Amended Complaint asserted two claims of non-dischargeability. The first

was based on § 523(a)(2)(A) alleging that the Debtor obtained money or property by false pretenses, false representations or actual fraud. The claim of non-dischargeability in Count II was based on § 523(a)(2)(B) alleging that the Debtor obtained money or property by use of a statement in writing respecting his financial condition. The remaining issues were set for trial in due course.

At the conclusion of the final evidentiary hearing, this Court dismissed the claim set forth in Count II of Barnett's Second Amended Complaint, the claim based on § 523(a)(2)(B), for Barnett's failure to establish all the requisite operating elements of the claim of non-dischargeability based on this Section. In its opinion, this Court concluded that the record was devoid of any evidence that this Debtor made any explicit representation concerning any material fact, that Barnett relied on such representation and that this reliance, if any, was reasonably founded. Moreover, this Court also held that Barnett failed to prove that any alleged misrepresentations by the Debtor were the proximate cause of the loss Barnett claims to have suffered.

On April 18, 1994, the Debtor filed his Motion for Costs and Attorney's Fees based on Fla.Stat. § 57.105(1) contending that there was a complete absence of a justiciable issue of either law or fact and since the Debtor was the prevailing party, he is entitled to an award of attorney's fees pursuant to the Mortgage, Security Agreement, Promissory Note and Guaranty signed by the Debtor.

■ The subject of an award of attorneys fees in the context of a claim of non-dischargeability is governed by the Code, § 523(d), which provides:

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

This Section is limited to litigation involving consumer debts and clearly the debt involved in this situation was a commercial transaction and not a consumer debt. It is urged, however, by the Debtor that notwithstanding there is no express provision in the Bankruptcy Code to award a prevailing Debtor in a non-dischargeability litigation attorney fees in a commercial setting, that by virtue of Fla.Stat. § 57.105(1), the Court may award attorneys fees if it is satisfied that the claim asserted by the creditor was devoid of any justifiable issue of law or fact.

■ This Statute provides in, subsection (1) that any civil litigation where the Court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or a defense, the prevailing party shall be entitled to a reasonable attorney's fee and costs. The fact that a party failed to prevail due to inadequate proof or if the complaint was dismissed, no attorney's fee should be awarded under this Section. *Jones v. Soldavini & Gualario, Inc.*, 616 So.2d 1048 (Fla. 2d DCA 1993). This record leaves no doubt that there were in fact justiciable issues which were tried and the Debtor prevailed because Barnett failed to establish its claim with the requisite degree of proof and not because it had no viable claim to begin with, therefore, it would be inappropriate to award attorney fees even if Fla. Stat. § 57.105(1) is applicable in dischargeability litigation in bankruptcy court, a point not conceded.

■ The Debtor also relies on Fla.Stat. § 57.105(2) which in essence provides as follows:

If a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney's fee to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

This statutory provision applies to enforceable contracts executed on or after October 1, 1988. The Statute was enacted in order to

create mutuality of the attorney fee remedy in *contract cases* (emphasis supplied). *County Waste, Inc. v. Public Storage Management, Inc.*, 582 So.2d 87 (3d DCA 1991). The Debtor's reliance on subclause (2) of this Statute is equally misplaced. First, this Adversary Proceeding is not a contract case to begin with, but a proceeding to determine dischargeability *vel non* of an obligation of the Debtor to the Plaintiff, albeit the obligation had its genesis in a contract. This Court is not oblivious of the holding of the 11th Circuit in the case of *TranSouth Financial Corp. of Florida v. Johnson*, 931 F.2d 1505 (11th Cir.1991) in which the Court held that if a creditor is successful in a dischargeability proceeding, attorneys' fees are recoverable if such fees are provided for by an enforceable contract. However, it would be stretching the holding of *TranSouth* to conclude that it equally applies to debtors in litigation which is not a civil suit in the orthodox sense but merely a determination of dischargeability, vel non, of a debt pursuant to § 523(c) of the Bankruptcy Code in which the only provision which permits the award of attorneys' fees to a debtor is pursuant to § 523(d), a Section not applicable for the reasons stated earlier. Thus, the mutuality of remedy provisions of Fla.Stat. § 57.105(2) does not apply in the present instance notwithstanding *TranSouth.*

The Debtor also relies on F.R.C.P. 54, as adopted by B.R. 7054, which provides, in subclause (b), that the Court may allow costs to the prevailing party except when a statute of the United States or these Rules otherwise provides. First, this Rule is a procedural rule and was not designed to create a right not created by the Code. Second, the imposition of costs is discretionary in any event but, be as it may, the taxing of costs does not include attorneys' fees.

In sum, based on the foregoing, this Court is satisfied that the Debtor's Motion is without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Costs and Attorney's Fees be, and the same is hereby, denied.

DONE AND ORDERED.