**In re Dan Darby OWEN, Debtor.**

**Benjamin D. MEDLEY, Plaintiff,**

**v.**

**Dan Darby OWEN, Defendant.**

**Bankruptcy No. 7–90–01219–HPR–7. Adv. No. 7–90–00188.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

April 26, 1995.

---

Terry N. Grimes, King, Fulghum, Snead, Nixon & Grimes, Roanoke, VA, for plaintiff.

A. Carter Magee, Magee, Foster, Goldstein & Sayers, Roanoke, VA, for debtor/defendant.

## MEMORANDUM OPINION
## AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This matter was before the Court pursuant to Cross–Motions to Reconsider the Judgment Order entered November 3, 1994 whereby the Court held that the remaining unpaid debt to Benjamin Medley in the amount of $20,685.52 plus interest as provided by law from date thereof as being nondischargeable, pursuant to 11 U.S.C.

§ 523(a)(2)(A). For the reasons set forth below, this Court reaffirms its judgment.

The facts of this case appear in the original Memorandum Opinion. A brief summary shows that Benjamin Medley ("Plaintiff") loaned over a period of time approximately $40,000.00 to Dan Owen ("Debtor" or "Defendant") of which the Debtor repaid $19,314.48, which was credited to the principal sum by this Court's prior Order.

The Court's judgment Order entered judgment of nondischargeability in favor of Plaintiff for the $40,000 obtained by fraud less the amount paid. Plaintiff has sought interest, attorney's fees, and other sums in addition to the principal remaining balance of the loans.

Both Plaintiff and Debtor filed Motions to Reconsider the Judgment Order. In considering both motions respectively, the Court first addresses Plaintiff's motion. Plaintiff argues on his Motion to Reconsider that the Court erred in not including interest, fees, and other charges with the principal sum of $40,000.00 before crediting payments made by the Debtor. After carefully considering its Order, this Court concludes that the plain language of the Bankruptcy Code § 523(a)(2) amply supports the Court's decision.

As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *See Williams v. USF & G*, 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v. W.P. Ford & Son Inc.*, 169 F.2d 151, 152 (4th Cir.1948) (*citing Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233, 241 (1971); *Local Loan Co. v. Hunt*, 292 U.S., at

244, 54 S.Ct. at 699; *Johnston v. Johnston,* 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper,* 26 F.2d 585, 587 (4th Cir.1928).

■■■ The first Motion to Reconsider is presented to the Court by the Plaintiff/Creditor. Bankruptcy Code § 523(a)(2)(A) states in pertinent part:

(a) a discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—. .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, *to the extent obtained by*—

(A) false pretenses, a false representation, or actual fraud, other than a state respecting the debtor's or an insider's financial condition; .... *(emphasis added )*.

The Court must examine the language of § 523(a)(2), "to the extent obtained," in order to determine whether the non-dischargeability extends beyond the actual money or property received by the Debtor. The word "obtained" means to gain possession or to acquire. *Words and Phrases, "Obtained"* 164 (1994). Thus, it reasonably appears that only the "money ... obtained" by the Debtor, which is $40,000.00, is nondischargeable under the Code.

This Court follows the same reasoning as set forth in *In re Sciscoe,* 164 B.R. 86 (Bankr.S.D.Ind.1993) in which the district court upheld the bankruptcy court's findings that the debtor obtained money through actual fraud and false pretenses but found that the bankruptcy court erred in concluding that the portion of the creditor's judgment that included punitive damages, attorney's fees, interest, and other expenses were nondischargeable.[1] The court found the following:

By its terms, Section 523(a)(2)(A) precludes the dischargeability of a debt only to the extent that the money was *obtained* by false pretenses, a false representation or actual fraud. *See In re Suter,* 59 B.R. 944. [ (Bankr.N.D.Ill.1986) ] The punitive damages and attorney's fees awarded in

the state court action, in addition to the interest and fees that the Appellees owe to third parties which are reflected in that judgment, were not obtained by false pretenses, a false representation or actual fraud, and in no way alter the amount of money that the Debtor obtained from the Appellees by those means. *Id.*

The damages, interest and fees may have been caused by the Debtor's fraudulent behavior, but no reasonable construction of statutory terms would equate 'cause' with 'obtain'.

Additionally, the 9th Circuit in *In re Levy,* 951 F.2d 196 (9th Cir.1991) found that the language, "to the extent obtained by" is meant to *limit* the nondischargeable debt to the amount "obtained by actual fraud." *Id.* at 198. *(emphasis added).* This case involved a debtor who was one of the principals of three corporations involved in real estate development and sales. The corporations hired a salesman, the creditor in this case, promising him commissions and a percentage of profits. The corporation breached the contract and the creditor sued for fraud and misrepresentation and was awarded in state court $53,538.94 in compensatory damages of which $45,612.38 were for fraud and misrepresentation and punitive damages for $250,000.00. The bankruptcy court held the compensatory damages were nondischargeable under § 523(a)(2) but the punitives were dischargeable. The Ninth Circuit affirmed the bankruptcy court's decision and determined that punitives do not represent actual losses to the creditor nor do they "increase the wealth of the debtor who engages in fraud." The court further explains that punitives are simply a penalty "awarded as an example to others" and "are not a debt for fraud...." *Id.* at 198. *(citing In re McDonald,* 73 B.R. 877, 882 (Bankr.N.D.Tex.1987)). Other cases have interpreted § 523(a)(2) to exclude punitive damage awards on the same rationale in that it was not money "obtained" by fraud.

This Court also notes the United States Supreme Court case of *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755,

---

**1.** The Creditors in this case had obtained a state court judgment against the debtor which the Bankruptcy found to be nondischargeable having been obtained by fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

764, 765 (1991), which was the basis for the underlying decision in the case at hand, and that the Supreme Court states in footnote 2 the following:

> We therefore do not consider the question whether § 523(a)(2)(A) excepts from discharge that part of a judgment in excess of the actual value of money or property received by a debtor by virtue of fraud. See *In re Rubin*, 875 F.2d 755, 758, n 1 (C.A.9 1989). Arguably, fraud judgments in cases in which the defendant did not obtain money, property, or services from the plaintiffs and those judgments that include punitive damages awards are more appropriately governed by § 523(a)(6).

The Debtor here "obtained" approximately $40,000.00 from Plaintiff. Although the fraud may have caused Plaintiff to accrue interest on the principal sum, the plain language of the Code does not "equate 'cause' with 'obtain'." The facts clearly show that the only amount *obtained* by the Debtor's acts was approximately $40,000.00. It is for these reasons that the Court reaffirms its finding that only the difference between the principal sum obtained of $40,000.00 and the amount of payments received by the Creditor/Plaintiff is deemed non-dischargeable pursuant to § 523(a)(2)(A).

Addressing the second motion, which goes to the Court's finding of facts, the Court further reaffirms its decision regarding Debtor's Motion to Reconsider the facts and circumstances surrounding the transactions between the Debtor and Plaintiff. The facts of record and as set forth in the Memorandum Opinion are deemed to be certain and unequivocal and clearly support the Court's decision.

Accordingly, it is ORDERED the Cross-Motions to Reconsider be and are hereby denied.