### In the Matter of Robert SHERIDAN, Debtor–Appellant.

No. 95–3903.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 5, 1996.

Decided Jan. 29, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied March 12, 1997.

Catherine Steege (argued), Jenner & Block, Chicago, IL and Robert P. Frankel, Lapidus & Frankel, Miami, FL, for Appellee.

Louis W. Levit (argued), Brian L. Shaw, Ross & Hardies, Chicago, IL, and Charles S. Stahl, Jr., Wheaton, IL, for Debtor–Appellant.

Before CUDAHY, MANION, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

City National Bank of Florida ("City National") obtained a judgment against Robert Sheridan in Florida state court for the amount due on a series of commercial loans. Sheridan initiated this Chapter 11 bankruptcy proceeding shortly thereafter, and City National responded by filing a multi-count adversary complaint alleging that its debt was non-dischargeable. The bank asserted that the debt should not be discharged because Sheridan had procured the loans under false pretenses and by submitting false financial statements. *See* 11 U.S.C. § 523(a)(2)(A), (B). After City National presented its case at trial, the bankruptcy court directed a verdict for Sheridan on all four of the bank's claims. The district court and another panel of this court affirmed. *In re Sheridan*, 57 F.3d 627 (7th Cir.1995). Sheridan then sought to recover the $266,774.86 in attorney's fees and non-taxable costs he incurred in defending the bank's dischargeabil-

ity action. The bankruptcy court denied his request for attorney's fees, and the district court affirmed. Sheridan now appeals to this court, and we have jurisdiction over his appeal pursuant to 28 U.S.C. § 158(d).

■ Generally, under the "American Rule" applied in federal litigation, a prevailing litigant may not collect a reasonable attorney's fee from his opponent unless authorized by federal statute or an enforceable contract between the parties. *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 247, 257, 95 S.Ct. 1612, 1616–17, 1621, 44 L.Ed.2d 141 (1975); *F.D. Rich Co. v. United States, Indus. Lumber Co.,* 417 U.S. 116, 126, 94 S.Ct. 2157, 2163–64, 40 L.Ed.2d 703 (1974). This general rule applies to litigation in the bankruptcy courts. *In re Reid,* 854 F.2d 156, 161–62 (7th Cir.1988); *In re Fox,* 725 F.2d 661, 662 (11th Cir.1984). The only statutory authorization for an award of attorney's fees in a dischargeability proceeding under section 523(a)(2) appears at section 523(d), which provides as follows:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

Yet Sheridan concedes that this provision has no application here because his debt to the bank was a commercial rather than a consumer debt. *See, e.g., In re Maestrelli,* 172 B.R. 368, 370 (Bankr.M.D.Fla.1994).

■ In the absence of any statutory authority for an award of fees, Sheridan must focus on the contracts underlying his debt to City National, all of which entitle the bank to recover the "reasonable attorney's fees and costs" incurred in collecting the debt. Sheridan argues that because the parties' contracts are governed by Florida law, he may rely on the following Florida statute, which makes the contractual fee provision reciprocally binding:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Fla. Stat. § 57.105(2). Sheridan believes that the present dischargeability action qualifies as "any action ... with respect to the contract" under this statute, and he therefore asserts that as the prevailing party, he is entitled to recover attorney's fees.

■ It is clear in this circuit, as *Sheridan* points out, that a contractual provision entitling a creditor to recover attorney's fees may be enforced in a dischargeability action if the provision is valid under state law. *In re Mayer,* 51 F.3d 670, 677 (7th Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 563, 133 L.Ed.2d 488 (1995). Thus, if City National had established that the underlying debt was non-dischargeable, it would have been entitled to recover its attorney's fees pursuant to the contracts. If the underlying debt was non-dischargeable, in other words, the contractual fee obligation would be nondischargeable as well. *Id.* A number of other circuits have come to the same conclusion in similar cases. *See In re Jordan,* 927 F.2d 221, 227–28 (5th Cir.1991), *overruled on other grounds, In re Coston,* 991 F.2d 257 (5th Cir.1993); *In re Martin,* 761 F.2d 1163, 1168 (6th Cir.1985); *In re Hunter,* 771 F.2d 1126, 1131 (8th Cir.1985); *TranSouth Fin. Corp. v. Johnson,* 931 F.2d 1505 (11th Cir.1991); *but cf. In re Fulwiler,* 624 F.2d 908, 910 (9th Cir.1980); *In re Itule,* 114 B.R. 206, 213 (B.A.P. 9th Cir.1990). Sheridan argues that under *Mayer,* the Florida reciprocity statute would also entitle a prevailing debtor to its fees in a dischargeability action. We disagree.

In *Mayer,* we allowed a prevailing creditor to recover the fees it incurred in a dischargeability action pursuant to the parties' contract because we considered the "[a]ttorney's fees provided by contract [to be] part of the debt" for purposes of 11 U.S.C. § 523(a)(2). 51 F.3d at 677. We explained that "if a

debtor agrees by contract to pay legal expenses, this is no different in principle from agreeing to a higher rate of interest, or a balloon payment, or any other contractual element of compensation to the lender." *Id.; see also Roberts v. Glenn Roberts and WIP, Inc.*, 199 B.R. 393, 395–96 (S.D.Ind.1996) (discussing *Mayer*). Other circuits have similarly characterized contractually-authorized attorney's fees as part of the underlying "debt" deemed non-dischargeable under section 523(a)(2), and have enforced such fee obligations in dischargeability actions so long as they are valid under governing state law. *See In re Jordan*, 927 F.2d at 227–28; *In re Martin*, 761 F.2d at 1168; *TranSouth*, 931 F.2d at 1507–08; *see also Security Mortgage Co. v. Powers*, 278 U.S. 149, 154, 49 S.Ct. 84, 85–86, 73 L.Ed. 236 (1928) ("The construction of [a] contract for attorney's fees presents . . . a question of local law.").

■ Although the validity of a creditor's claim in bankruptcy is assessed by looking to relevant state law rules (*see, e.g., Grogan v. Garner*, 498 U.S. 279, 283, 111 S.Ct. 654, 657, 112 L.Ed.2d 755 (1991); *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161, 67 S.Ct. 237, 239, 91 L.Ed. 162 (1946)), the alleged non-dischargeability of that debt presents an issue "of federal law independent of the issue of the validity of the underlying claim." *Grogan*, 498 U.S. at 289, 111 S.Ct. at 661; *see also Brown v. Felsen*, 442 U.S. 127, 129–30, 99 S.Ct. 2205, 2208–09, 60 L.Ed.2d 767 (1979). In this case, for example, City National obtained a judgment on the contracts in Florida state court and then asserted a claim based on the judgment in Sheridan's bankruptcy. Although the validity of City National's claim is governed by state law, the non-dischargeability question still is "a matter of federal law governed by the terms of the Bankruptcy Code." *Grogan*, 498 U.S. at 284, 111 S.Ct. at 658. In our view, then, this federal action does not qualify as one "with respect to the contract" under the Florida statute.

■ When a cause of action is federal, moreover, we ordinarily do not look to state law in considering whether to award attorney's fees. *See Alyeska*, 421 U.S. at 259 n. 31, 95 S.Ct. at 1622 n. 31 (contrasting American Rule applicable in federal cases with the "very different situation . . . presented when a federal court sits in a diversity case"); *F.D. Rich Co.*, 417 U.S. at 127, 94 S.Ct. at 2164 (where cause of action is federal, the scope of the available remedies, including the availability of attorney's fees, is a matter of federal and not state law). State law was relevant in *Mayer* only for the purpose of assessing whether the contractual attorney's fee obligation was valid and enforceable. Because it was, that obligation became part of the "debt" deemed non-dischargeable under section 523(a)(2). *See Mayer*, 51 F.3d at 677; *see also, e.g., TranSouth*, 931 F.2d at 1507. In *Mayer*, then, there was a basis under federal law for recognizing the creditor's contractual right to recover fees. There is no similar basis under the Bankruptcy Code for incorporating the Florida reciprocity statute on which Sheridan relies. Instead, the Bankruptcy Code specifies a single instance in which a prevailing debtor may recover the fees incurred in a dischargeability action— where the creditor's challenge to the dischargeability of a consumer debt was not substantially justified. 11 U.S.C. § 523(d). Sheridan concedes that section 523(d) has no application here, and because he can point to no other authority for an award of attorney's fees to a prevailing debtor in a federal dischargeability action, we must agree with the lower courts that he is not entitled to an award of fees.

AFFIRMED.

CUDAHY, Circuit Judge, dissenting:

The question in this case is one of symmetry.[1] Florida law guarantees that contractu-

---

**1.** The puzzle presented by this case has so far resulted in two bankruptcy courts in the Middle District of Florida reaching diametrically opposite results with respect to the same issue. *In re Maestrelli*, 172 B.R. 368 (Bankr.M.D.Fl.1994), agrees with the majority here. *Pichardo v. United Student Aid Funds, Inc.*, 186 B.R. 279 (Bankr.

M.D.Fl.1995), on the other hand, reaches the opposite result and holds that the debtor is entitled to attorney's fees. *Pichardo* takes the rather broad-brush view that:

> The prevailing Creditor would have been entitled to enforce a provision in the Notes allowing its reasonable attorney's fees. The opera-

al provisions for attorney's fees cannot be one-sided. If a contract entitles one party to attorney's fees in enforcing the contract, that entitlement must apply to the other party, too, "when that party prevails in any action ... with respect to the contract." Florida Statutes § 57.105(2). In this case, a party (City National Bank) took an action to enforce a contract against the counter-party (Sheridan), but the Bank lost. The contract would have entitled the Bank to attorney's fees if it had won. *See Mayer v. Spanel Int'l Ltd.*, 51 F.3d 670 (7th Cir.1995). Under Florida Statutes § 57.105(2), City National Bank must pay the defendant's attorney's fees—if the defendant prevailed in an action "with respect to the contract." It is as if the contract contained a clause reciting the language of Florida Statutes § 57.105(2).

The majority says that this is not an action "with respect to the contract" and hence there can be no recovery. Maj. Op. at 1167.[2] Non-dischargeability is a matter of federal law, the majority states rightly. At issue here, however, is the content of a contract, a matter which state law governs. What confuses the issue is that the state law here depends on federal law. Federal law decides whether the debt was dischargeable (it was); and a Florida law consequence (the allocation of attorney's fees as per the parties' contract) flows from that determination under federal law. That a particular state law result is

predicated on federal law seems no contradiction.

This court's holding in *Mayer* dictates this result. *Mayer* held that an action to deny a discharge was undertaken "in the process of collection" and that a prevailing creditor could recover attorney's fees based on the debtor's promise "to reimburse any attorney's fees that the lender incurred in the process of collection." *Id.* at 677. If the action in *Mayer* was undertaken "in the process of collection," then so was the action in the instant case. By the same token, the action in *Mayer* was an "action to enforce the contract" as that language is used in Florida Statutes § 57.105(2). "Collection" is an essential part of enforcement. If a debt cannot be collected, the contract that created it has not been enforced. It follows that, if *Mayer* involved an action to enforce a contract, the present case (dealing with equivalent facts) must also involve an action both "to enforce a contract" and "with respect to a contract." Therefore, the fees incurred by the prevailing defendant in the instant action must be governed by the terms of the contract (which include terms incorporated into the contract by operation of Florida Statutes § 57.105(2), as noted above). For these fees, incurred in a federal action, to be covered by the parties' contract is no different than the coverage of the creditor's fees provided in *Mayer*.

tion of Florida Statute Section 57.105(2) is consistent with the Bankruptcy Code's fresh start. Therefore, pursuant to Florida Statute Section 57.105(2), the prevailing Debtor's reasonable attorney's fees are due to be awarded. *Id.* at 283. I think that we have to probe deeper than this.

2. The Bank argues that its action was not one "to enforce the contract" (language also contained in Florida Statutes § 57.105(2)) and hence the statute does not apply. In its view, a bankruptcy non-dischargeability action is a fraud action and is not under Florida law an action to enforce a contract.' City Nat'l Bank Br. at 11. While the majority opinion does not reach this issue, given its other determinations, I wish to briefly address this argument. Were it the case that a non-dischargeability action were not an action to enforce the contract, it would be difficult to see how *Mayer v. Spanel Int'l Ltd.*, 51 F.3d 670 (7th Cir.1995), could have permitted a creditor to recover attorney's fees in a non-dischargeability action—unless fees are somehow payable in an

action to collect a debt but not in one to enforce the contract out of which the debt arose. In any event, while lower Florida courts have found that actions for fraud or fraud in the inducement were not actions to enforce a contract, and therefore could not give rise to attorney's fees, *see Dickson v. Dunn*, 399 So.2d 447 (Fla.Dist.Ct.App. 1981); *Hopps v. Smith*, 520 So.2d 673 (Fla.Dist.Ct.App.1988), the Florida Supreme Court has held otherwise.

We hold that when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is' rescinded or held to be unenforceable.... It would be unjust to preclude the prevailing party to the dispute over the contract which led to its rescission from recovering the very attorney's fees which were contemplated by that contract.

*Katz v. Van Der Noord*, 546 So.2d 1047, 1049 (Fla.1989). I do not believe that state law precludes recovery here.

The more difficult issue involves the holding of *Mayer* that in the creditor's suit the attorney's fees became a part of the debt and may be collected as part of the undischarged debt under 11 U.S.C. § 523(a)(2). *Mayer*, 51 F.3d at 677. Obviously, any attorney's fees incurred by the debtor and chargeable against the creditor do not become a part of the debt. If anything, they are a charge against the debt. In the case before us, presumably, the debt is discharged in bankruptcy and there may be nothing left for the fees to be charged against. They merely become a sum owed by the creditor to the debtor. Admittedly, this is not nearly as neat a solution as would pertain if the creditor prevailed, but I do not believe essentially technical considerations should govern what appears to be a simple case of equity. If this is permitting state law to govern fees in a federal proceeding, so be it. However, I believe state law applies *only through its incorporation in the contract.* In *Mayer*, we permitted the contract to allow a prevailing creditor to recover fees. The debtor's rights should be no different.

I therefore respectfully dissent.