## LOCAL 815, INTERNATIONAL LONGSHOREMAN'S ASSOCIATION, AFL–CIO, Plaintiff,

v.

### Jerry BRAZIL, Defendant.

No. 97–C–88.

United States District Court, E.D. Wisconsin.

July 29, 1998.

James P. Cronin, Gleason & Matthews, P.C., New York City, Alan M. Levy, Lindner & Marsack, S.C., Milwaukee, WI, for Plaintiff.

Alvin R. Ugent, Podell, Ugent, Haney & Delery, S.C., Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This court conducted a bench trial in the above-captioned action in which the plaintiff, Local 815, International Longshoreman's Association, AFL—CIO ["Local 815"], alleged that the defendant, a former officer of Local 815, had violated his fiduciary duty to the union. Specifically, Local 815 argued that Mr. Brazil had used union funds and the union's credit card for personal expenditures and that he had taken overtime and other wages to which he was not entitled. In its complaint, the plaintiff asked the court to find that Mr. Brazil's expenditures were not reasonable or authorized and that Mr. Brazil pay damages of approximately $30,000 to Local 815. At trial, however, the plaintiff focused on the $17,000 of "questionable expenditures" that Mr. Brazil had allegedly made with Local 815's credit card. Mr. Brazil also asserted a counterclaim alleging that Local 815 owed him fringe benefits, vacation pay, and referral wages in the amount of almost $45,000.

I found that many of Mr. Brazil's credit card charges were inappropriate and that he had violated his duty to Local 815 as a union officer. I also concluded, though, that some of Mr. Brazil's "questionable" meetings, lunches, and travel—all charged on the credit card—were in fact acceptable, even without proper documentation. Noting that it would be almost impossible to go through every contestable charge, I found that the appropriate judgment would be $5000 in favor of the plaintiff, in addition to interest and attorney's fees. I also denied Local 815's request

for punitive damages because although the law permitted a criminal charge of embezzlement, no such charge was brought.

I based the award of damages on the plaintiff's first cause of action, which alleged liability under 29 U.S.C. § 501, a section of the Labor–Management Reporting and Disclosure Act ["LMRDA"]. The LMRDA states that officers of a labor organization have a fiduciary duty to the organization and its members. Specifically, it provides that it is the duty of such officers to "account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization." 29 U.S.C. § 501(a).

Local 815 subsequently filed its request for $71,180.75 in attorney's fees and $3,852.27 in interest. Mr. Brazil objected to the attorney's fees, arguing only that the fees were excessive. My own research, however, revealed that the question of whether the court had authority to grant attorney's fees under 29 U.S.C. § 501 was not easily resolved. Therefore, on April 21, 1998, I directed the parties to brief the issue.

I am now convinced that the plaintiff is not entitled to attorney's fees. Under the "American Rule," a prevailing plaintiff may only collect reasonable attorney's fees from the opponent when federal statute or an enforceable contract between the parties authorizes the payment of such fees. *In re Sheridan,* 105 F.3d 1164, 1166 (7th Cir.1997). The statute involved here, however, does not provide for the payment of attorney's fees by an individual defendant against a prevailing union. Instead, the statute only allows for an individual union member who has sued a union officer for a fiduciary duty violation to receive a "reasonable part of the recovery" to pay his or her attorney. 29 U.S.C. § 501(b). The statute permits individual union members to sue, on the union's behalf, a union officer when the union, after being requested to do so, has refused or failed to "sue or recover damages or secure an accounting or other appropriate relief." 29 U.S.C. § 501(b). The section regarding attorney's fees therefore shifts the fees to the union as

a whole, since it is the union that recovers any damages and receives any other benefit from the litigation. That is not the situation here, since it is already the union that will recover the damages and share the burden of the attorney's fees. Furthermore, the statute does not provide for attorney's fees above and beyond the award. It instead allows for the union to reimburse the individual plaintiff from its recovery.

The Supreme Court has recognized a "common benefit" exception to the American Rule, and Local 815 appears to invoke this exception in its brief. In *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), the plaintiff had sued his union (and prevailed) under a different section of the LMRDA, 29 U.S.C. § 412, for his expulsion from the union. The Court, in finding that the plaintiff was entitled to his counsel's fees, reiterated that there is an exception to the American Rule when "successful litigation confers 'a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them.'" *Hall*, 412 U.S. at 5, 93 S.Ct. 1943 (quoting *Mills v. Electric Auto–Lite Co.*, 396 U.S. 375, 393–94, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970)).

Local 815 seems to argue that it would not make sense to allow an individual union member to recover attorney's fees from a union, but to forbid a union to recover attorney's fees from an officer who has committed a wrong against the union. The relevant section of the LMRDA and the common benefit exception, however, only contemplate that a union spread the costs of its litigation to all of its members; they do not contemplate that a union punish the officer for defending the claim against him. *See Bennett v. Local Union No. 66, Glass, Molders, Pottery, Plastics and Allied Workers*, 958 F.2d 1429, 1440 (7th Cir.1992) ("A central purpose of the American Rule is to avoid penalizing the losing party simply because it chose to defend or prosecute a lawsuit."). The situation considered by 29 U.S.C. § 501(b) and by the common benefit exception is not present here since Local 815 is the one who received the award and who will presumably spread the benefits of the award

(and the costs of paying its attorneys) to its members.

The court of appeals for the second circuit, in a case in which individual union members sued an officer of the union pursuant to 29 U.S.C. § 501, said that the plaintiffs could not recover attorney's fees from the officer. *Morrissey v. Curran*, 650 F.2d 1267, 1281 (2d Cir.1981). Noting that there is nothing in the statute that permits a court to assess fees against individual officers, the court said that an individual union member who sues on the union's behalf is entitled to recover his costs "because, under the normal presumption against costs, *the union would have had to pay those fees if it, and no the member, had undertaken the lawsuit.*" *Id.* (emphasis added); *see also Doyle v. Kamenkowitz*, 114 F.3d 371, 375 (2d Cir.1997) (discussing 29 U.S.C. § 501 and stating that the "statutory language, by its terms, deals only with reimbursement to successful plaintiffs, and *contemplates payment only out of funds recovered on behalf of the union*") (emphasis added).

The relevant section of the LMRDA does not provide for the payment of attorney's fees to the plaintiff when the plaintiff is the union itself and not an individual officer suing on behalf of the union. The court therefore has no authority to award Local 815 attorney's fees. Mr. Brazil, though, has not objected to the plaintiff's assessment of prejudgment interest. I will therefore award the plaintiff interest in the amount of $3,852.27.

Therefore, IT IS ORDERED that my order dated September 18, 1997 be and hereby is vacated.

IT IS ALSO ORDERED that judgment be entered against the defendant, Jerry Brazil, and in favor of the plaintiff, Local 815, in the amount of $5000.00, plus costs, but without attorney's fees, for the defendant's violation of 29 U.S.C. § 501.

IT IS FURTHER ORDERED that judgment be entered against the defendant, Jerry Brazil, and in favor of the plaintiff, Local 815,

in the amount of $3,852.27, for prejudgment interest.