Wiley Lester BURNS and Helen Faye Burns, Appellants,

v.

GREAT LAKES HIGHER EDUCATION CORPORATION; Pennsylvania Higher Education Assistance Agency; Hemar Insurance Corporation of America; and Oklahoma State Regents for Higher Education, Appellees.

No. CIV–99–1174–C.

United States District Court, W.D. Oklahoma.

Dec. 30, 1999.

David S. Eldridge, Oklahoma City, OK, for appellants.

Lloyd Blaney, Madison, WI, for Great Lakes Higher Education Corp.

Mac D. Finlayson, Tulsa, OK, for Pennsylvania Higher Education Assistance Agency.

Judy Hamilton Morse, William H. Hoch, C. Robert Stell, Keri C. Prince, Crowe & Dunlevy, Oklahoma City, OK, for Hemar Insurance Corporation of America.

Craig E. Fugleberg, Oklahoma City, OK, for Oklahoma State Regents for Higher Education.

## ORDER

CAUTHRON, District Judge.

On June 23, 1999, the bankruptcy court denied a motion for attorney's fees filed on behalf Wiley Lester Burns and Helen Faye Burns (hereafter the "Burns"), the plaintiffs in an adversary proceeding. From that decision, they bring this appeal.

By authority of LCvR7.2(a), briefs filed in bankruptcy appeals are governed by LCvR7.1, which requires leave of court to file any brief that is more than 25 pages in length, *see* LCvR7.1(c), or 10 pages for a reply brief. LCvR7.1(g). The Burns' opening brief was filed on August 31, 1999, and consists of more than forty pages of text with 131 footnotes. The appellants' reply brief consists of 30 pages. The record does not include any application or order allowing the filing of these oversized briefs. Because appellees have indicated no objection and because the matter is now briefed and at issue, the Court will consider the improperly filed briefs. In so doing, the Court is compelled to make these comments: with limited exceptions, the appellants' briefs consist of massive amounts of irrelevant material, expressed in a flippant and pejorative manner. Mr. Eldridge relies on his own opinions rather than persuasive legal citations, and erroneously estimates the measure of his wit. His briefs could (and most assuredly will) be used as valuable teaching examples of lawyers' submissions that are neither persuasive nor professional. The purpose of legal memoranda is to assist the Court and the client's cause by identifying the con-

trolling law and analyzing that law under the facts of the case. This purpose is not easily fulfilled when the Court is required to sift through an array of useless material.

■ The issue on appeal concerns only a legal determination. Therefore, this Court's review is *de novo*. *Strickland Tower Maintenance, Inc. v. A T & T Communications, Inc.*, 128 F.3d 1422, 1428 (10th Cir.1997); *In re Woodcock*, 45 F.3d 363, 367 (10th Cir.), *cert. denied*, 516 U.S. 828, 116 S.Ct. 97, 133 L.Ed.2d 52 (1995).

In an adversary proceeding, the Burns sought a discharge of their student loan debts pursuant to 11 U.S.C. § 523(a)(8). Certain of the defendants in the adversary, appellees here, filed counterclaims seeking payment. On May 20, 1999, a judgment was entered in the Burns' favor and these debts were discharged based on a finding of undue hardship. Order in Adversary Proceeding No. 98–1318BH; Record, document number 63. The counterclaims were not reached but were dismissed after the student loan debts were discharged (Order, June 16, 1999; Record, document number 69). The Burns then sought an award of attorney's fees on the basis that they prevailed in the adversary proceeding. After consideration of the pleadings, the bankruptcy court denied the Burns' request (Order, June 23, 1999; Record, document number 74).

■ Absent a statute or contractual provision, attorney's fees may not be awarded to a prevailing party.

Generally, under the "American Rule" applied in federal litigation, a prevailing litigant may not collect a reasonable attorney's fee from his opponent unless authorized by federal statute or an enforceable contract between the parties. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247, 257, 95 S.Ct. 1612, 1616–17, 1621, 44 L.Ed.2d 141 (1975); *F.D. Rich Co. v. United States Indus. Lumber Co.*, 417 U.S. 116, 126, 94 S.Ct. 2157, 2163–64, 40 L.Ed.2d

703 (1974). This general rule applies to litigation in the bankruptcy courts. *In re Reid*, 854 F.2d 156, 161–62 (7th Cir. 1988), *In re Fox*, 725 F.2d 661, 662 (11th Cir.1984).

*In re Sheridan*, 105 F.3d 1164, 1166 (7th Cir.1997). There is no statutory authority for an award of attorney's fees under 11 U.S.C. § 523(a)(8). Further, the contracts evidencing the Burns' student loan debts do not include any provision for an award of attorney's fees to the Burns. Appellants do not dispute these conclusions but argue state law provides authority for an award of attorney's fees. In Oklahoma, attorney's fees may be taxed as costs to the party that prevails in certain actions, including one to recover on a note. 12 Okla. Stat. § 936. Although the appellees each have promissory notes evidencing monetary obligations owed by the appellants, this action is not one to recover on those notes. This action is an adversary proceeding, initiated by the appellants, in which appellants sought a discharge of their student loan debts. The appellees' counterclaims sought judgments on the notes, but these counterclaims were dismissed. Therefore, because this action is not one identified in the statute, § 936 does not apply. The appellants also argue that 15 Okla. Stat. § 276 authorizes an attorney fee award. This argument also fails. Under § 276, an award of attorney's fees is permitted in actions "to collect upon an obligation to repay money after default." *Id.* Because this action does not meet this description, 15 Okla. Stat. § 276 does not apply. Given these facts, the bankruptcy court was correct in denying the Burns' motion for attorney's fees. Therefore, that decision will be affirmed.

IT IS THEREFORE ORDERED that the decision of the bankruptcy court denying the Burns' motion for attorney's fees is hereby affirmed. A judgment shall enter accordingly.