**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re: WILEY LESTER BURNS;
HELEN BURNS,

Debtors.

_____

WILEY LESTER BURNS; HELEN
BURNS,

Appellants,

v.

GREAT LAKES HIGHER
EDUCATION CORP.;
PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE
AGENCY; HEMAR INSURANCE
CORPORATION OF AMERICA;
OKLAHOMA STATE REGENTS FOR
HIGHER EDUCATION,

Appellees.

No. 00-6045
(D.C. No. 99-CV-1174-C)
(W.D. Okla.)

ORDER AND JUDGMENT   *

Before **EBEL, KELLY,**  and **LUCERO** , Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Debtors Wiley Lester and Helen Burns appeal from the district court's order affirming the bankruptcy court 's decision not to award them attorney's fees after they prevailed in their adversary actions to have their student loans declared dischargable. We affirm.

After Mr. and Mrs. Burns commenced their bankruptcy action, th ey filed adversary proceedings against four student lenders to determine the dischargeability of their student loans. Three of the lenders filed counterclaims for money judgments on their promissory notes. The bankruptcy court granted discharge pursuant to 11 U.S.C. § 523(a)(8) which permits the discharge of otherwise non-dischargable debts on the grounds of undue hardship. The bankruptcy court did not award Mr. and Mrs. Burns attorney's fees holding that federal bankruptcy law did not permit that award. The court dismissed the lenders' counterclaims without prejudice. The district court affirmed.

On appeal, Mr. and Mrs. Burns argue that the bankruptcy court erred in its ruling because the court should have awarded them fees in accordance with

Oklahoma state law. They point out that Okla. Stat. tit. 12, § 936 provides that attorney's fees should be awarded to prevailing parties in a civil action on a contract. Mr. and Mrs. Burns further assert that policy concerns counsel for the award as furthering the bankruptcy aim of giving debtors a fresh start.

"We review de novo any statutory interpretation or other legal analysis underlying the district court's decision concerning attorney's fees. The decision whether fees are warranted, however, is reviewed only for an abuse of discretion." Daleske v. Fairfield Cmties, Inc., 17 F.3d 321, 323 (10th Cir. 1994) (citation omitted).

The "American Rule," which applies in federal litigation, including bankruptcy proceedings, permits a prevailing litigant attorney's fees only if they are authorized by federal statute or provided for in the contract. In re Sheridan, 105 F.3d 1164, 1166 (7th Cir. 1997). "[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney's fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir. 1997).

Mr. and Mrs. Burns admit that "there is no basis in federal law for the fees." Reply br. at 2, 3. Nor do they contend that the terms of the loans provide that they may recover fees in an action on the loan contract. Thus, we consider

only whether there is a basis in Oklahoma state law for awarding attorney's fees. Mr. and Mrs. Burns maintain that section 936 provides such authority.

Section 936 states that

> [i]n any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject [of] [1] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Oklahoma has strictly construed section 936. See Octagon Res., Inc. v. Bonnett Res. Corp. (In re Meridian Reserve, Inc.), 87 F.3d 406, 410, 411-12 (10th Cir. 1996). Therefore, section 936 does not apply here. Mr. and Mrs. Burns commenced their action solely to determine whether their student loans should be discharged, a substantive issue to be decided independently of the terms of the loan contracts. See Baroff, 105 F.3d at 441. As "the substantive litigation raised federal bankruptcy law issues rather than basic contract enforcement questions," id., (quotation omitted) state law was not involved. See Grogan v. Garner, 498 U.S. 279, 289 (1991) (dischargeability of a debt presents an issue "of federal law independent of the issue of the validity of the underlying claim."); see e.g.,

---

[1] The statute reads "to," but a footnote in the annotated code indicates "to" should read "of." We have made the appropriate alteration.

Sheridan, 105 F.3d at 1167 [2] (as bankruptcy court did not address the contract or its terms and only bankruptcy law was involved, state law is inapplicable); Fobian v. W. Farm Credit Bank (In re Fobian), 951 F.2d 1149, 1153 (9th Cir. 1991) (refusing to award attorney's fees because the substantive litigation raised only federal bankruptcy law issues, not basic contract enforcement issues); Sunclipse, Inc. v. Butcher (In re Butcher), 200 B.R. 675, 677 (Bankr. C.D. Cal. 1996) ("An action in dischargeability is a federal cause of action."), aff'd 226 B.R. 283 (9th Cir. BAP 1998).

---

[2]     Mr. and Mrs. Burns argue that the dissent in Sheridan presents the better reasoned argument. We disagree. While agreeing that the dischargeability of a debt is a matter of federal law, the dissent in Sheridan relied on an earlier Seventh Circuit case, Mayer v. Spanel Int'l Ltd., 51 F.3d 670 (7th Cir. 1995), in which the court held that an action seeking to deny the discharge of a debt was in actuality an action taken in the process of collection, thus permitting the prevailing creditor to recover attorney's fees, which were part of the debt and, hence, also non-dischargeable. In Sheridan, the debtor prevailed in having his debt discharged and the dissent proposed that, in accordance with Mayer and under Florida law which provides that if the contract provides for attorney's fees for a prevailing creditor, a prevailing debtor may also be awarded fees, the debtor in Sheridan should be permitted fees. We do not agree that a debtor prevailing under § 523(a)(8) is in the same position as a creditor seeking the denial of a statutorily sanctioned discharge. A § 523(a)(8) proceeding is not one taken in the process of collection of a debt and, thus, does not invoke state contract law.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge