In re James N. BOWEN, Debtor.

**GEORGIA HIGHER EDUCATION ASSISTANCE CORPORATION for itself and as assignee of Pineland State Bank, Plaintiff,**

v.

**James N. BOWEN, Defendant.**

**BOARD OF REGENTS OF the UNIVERSITY SYSTEM OF GEORGIA on behalf of Middle College of Georgia, Plaintiff,**

v.

**James N. BOWEN, Defendant.**

Bankruptcy No. 83–170–BK–J–GP.
Adv. Nos. 83–322, 83–323.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 23, 1984.

Mark S. Marani, Atlanta, Ga., for plaintiffs.

Lawrence C. Rolfe, Jacksonville, Fla., for defendant.

### MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

The issue with which the Court deals in this opinion presents itself identically in two adversary cases in which the named defendant is James Bowen, i.e. *In re James N. and Donna C. Bowen,* 83–170–BK–J–GP, adversary 83–322, *Georgia Higher Education Assistance Corporation v. James N. Bowen and adversary 83–323, Board of Regents of the University of Georgia v. James N. Bowen.* Because the issues raised in each of the cases are identical with the issues raised in the other, we will in effect merge the cases for purposes of this discussion.

This matter came before the Court for trial on January 11, 1984, and for final argument by telephone conference on January 24, 1984. The overriding issue is whether James Bowen's federally insured student loans are dischargeable under the terms of § 523(a)(8) of the Bankruptcy Code. In order to make a finding of dischargeability, the Court would be required to find the existence of "undue hardship" within the meaning of that section. The evidence indicated that the defendant incurred the subject indebtedness while he studied for his M.D. degree at the University of Georgia.

Repayment was routinely deferred while Dr. Bowen pursued a post-graduate residency program in general surgery. The evidence further indicated that the defendant dropped out of the residency program because a debilitating thyroid condition left him unable to perform the duties required of him. Dr. Bowen has been unemployed continuously since that time, and he and his wife and their child have been exclusively dependent on her salary as a registered nurse. The record indicates that he has been, and is currently, not able to make payments on the subject notes as they become due. According to the defendant and to the testimony of his treating physician, a thyroid specialist, his recuperative course has been complicated and has included relapses. The strong inference of the testimony of both the debtor and his physician was that, barring an unlikely but not impossible further relapse, the defendant should be physically able to function as a physician by August 1984.

The defendant testified that he has not yet taken his medical licensing test but that he expects to take and pass the test in June of 1984, and for the results to be reported within approximately six weeks. Upon completion of his licensing requirements, he will be qualified to work as an emergency room physician. The defendant testified that he intends to seek such employment as soon as he is officially qualified and that he expects that such a position will be available to him at an approximate annual salary of $70,000. Thus, the record as a whole supports a finding that Dr. Bowen can reasonably expect to begin payment of his loan without undue, or indeed any, hardship within the year.

The reported cases are explicit to the effect that the basis of hardship must be long-term in order for the Court to find dischargeability under § 523(a)(8), See, e.g. *In re Johnson,* 5 B.C.D. 532 (Bkrtcy.E.D.Pa. 1979), *In re Bagley,* 4 B.R. 248, 6 B.C.D. 404, 2 C.B.C.2d 251 (Bkrtcy.D.Ariz., 1980), *inter alia,* in which it is held that in determining the existence of undue hardship, the court

must look to the debtor's future prospects, as well as his current situation. The facts simply cannot support a finding of dischargeability.

■ The question remains, however, whether it is within the proper exercise of the equitable powers of this Court to set forth a payment schedule which takes into account the defendant's temporary severe difficulties. While the literal language of the statute does not create such leeway, several bankruptcy courts faced with the same question have concluded that the "either/or" result suggested by the statute is unnecessarily harsh in many less-than-clearcut cases. Several courts have concluded that it is appropriate, and within the policy of the statute, to enter a judgment which holds the educational loan debt to be non-dischargeable, but restructures repayment of the indebtedness in such a way as to take into account severe but non-permanent difficulties experienced by a debtor. Several published cases authorize just such a holding by a bankruptcy judge. See, *In re Hemmen*, 7 B.R. 63 (Bkrtcy.S.D.Ala.1980); *In re Brown*, 18 B.R. 219 (Bkrtcy.D.Kan.1982); *In re Archie*, 7 B.R. 715 (Bkrtcy.E.D.Va.1980); *In re Littell*, 6 B.R. 85 (Bkrtcy.D.Or.1980).

Accordingly, we will treat the defendant's indebtedness as follows: The principal and scheduled interest on indebtedness to both plaintiffs shall be adjudged non-dischargeable. Not included in the judgment of non-dischargeability is additional interest which has accrued in the form of late charges. The debt to the Board of Regents is thus found to be $375; the payment schedule set out in the judgment will call for payment of $300 on September 1, 1984, and the balance to be due on October 1, 1984. The judgment in favor of Georgia Higher Education Assistance Corporation shall be for $14,600, to be paid in monthly installments of $316.00 each, beginning November 1, 1984.

The defendant requests that the Court retain jurisdiction over this matter to supervise the defendant's future earning capability and further reschedule his obliga-

tion if his earning capacity fails to meet present expectations. This we decline to do; indefinite involvement in the defendant's affairs following his discharge appears inappropriate and unwarranted.

An Order in accordance with this Opinion has been entered this day.