In re Irene GARCIA, Debtor.

Irene GARCIA, Plaintiff,

v.

HIGHER EDUCATION ASSISTANCE FOUNDATION, Defendant.

Bankruptcy No. 89–16208–BKC–SMW.
Adv. No. 91–1095–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 10, 1992.

Guillermo J. Farinas, Coral Gables, Fla., for plaintiff.

Laurie Paulsen Huusko, St. Paul, Minn., for defendant.

## MEMORANDUM OPINION DENYING STIPULATION DISCHARGING STUDENT LOAN AND RESCHEDULING TRIAL

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on January 7, 1992 upon the complaint of Irene Garcia (the "debtor") against the Higher Education Assistance Foundation (the "creditor") to determine the dischargeability of a student loan pursuant to 11 U.S.C. § 523(a)(8)(B). When the case was called for trial, counsel for the debtor presented the Court with an Agreed Order Discharging Student Loan stating that the parties had agreed that the debtor is entitled to an "undue hardship" discharge of the student loan under § 523(a)(8). For the reasons stated herein, the Agreed Order Discharging Student Loan is not approved by the Court and this case is reset for trial.

On March 7, 1988, the debtor obtained a guaranteed student loan in the original principal amount of $2,625.00. The creditor is the holder of the note evidencing the indebtedness. The debtor instituted this action seeking to discharge the outstanding balance of the student loan pursuant to 11 U.S.C. § 523(a)(8) contending that excepting the loan from discharge will cause an "undue hardship" on the debtor.

Counsel for debtor submitted the Agreed Order Discharging Guaranteed Student Loan which had been approved and executed by counsel for the creditor. Although counsel for the creditor did not appear for trial, from the documents submitted it appears to the Court that counsel agreed to discharge the student loan based upon an unsworn statement of income and expenses signed by the debtor which states as follows:

| | | |
|---|---|---|
| MONTHLY GROSS PAY (Wages, salary or commissions) | 1,040.00 | |
| TAKE HOME PAY (Gross pay less all deductions) | 686.67 | |

### CURRENT EXPENSES

| | | |
|---|---|---|
| HOME EXPENSES RENT | 100.00 | MONTHLY |
| ELECTRICITY | 50.00 | MONTHLY |
| GAS | 0.00 | |
| WATER | 0.00 | |
| TELEPHONE | 20.00 | MONTHLY |
| HEALTH INSURANCE | 169.00 | MONTHLY |
| TRANSPORTATION TO WORK | 80.00 | MONTHLY |
| EDUCATION (TUITION AND SCHOOL BOOKS) | 250.00 | |
| FOOD | 275.00 | MONTHLY |
| CLOTHING | 0.00 | |
| MEDICAL, DENTAL AND MEDICINES | 60.00 | MONTHLY |
| LAUNDRY & CLEANING | 100.00 | MONTHLY |
| BABY SITTER | 200.00 | MONTHLY |

TOTAL EXPENSES $1,304.00

---

During a telephonic conference with the Court, counsel indicated that she had agreed to the form of the order presented to the Court on the basis that the statement submitted by the debtor to the creditor evidenced the debtor's inability to repay the student loan and, therefore, her agreement to the hardship discharge of the student loan was justified under 11 U.S.C. § 523(a)(8).

In order for the Court to find that a debt is dischargeable under 11 U.S.C. § 523(a)(8) the Court must find the existence of "undue hardship." *In re Bowen*, 37 B.R. 171 (Bankr.M.D.Fla.1984). In *Brunner v. New*

*York State Higher Education Services, Corp.*, 831 F.2d 395 (2d Cir.1987), the United States Second Circuit Court of Appeals articulated the factors which a Court must consider in determining whether to grant a hardship discharge under § 523(a)(8). These factors are:

(1) [T]hat the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her deponents if forced to repay the loan;

(2) [T]hat additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) [T]hat the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396.

Judge Proctor in *In re Webb*, 132 B.R. 199 (Bankr.M.D.Fla.1991), recently discussed the analysis to be employed by the Court in determining whether to grant a hardship discharge of a student loan. In *Webb*, Judge Proctor found that the debtor was not entitled to a hardship discharge of her student loans under § 523(a)(8), where the debtor could not establish that her inability to repay the loans was permanent. *Id.* at 202. However, Judge Proctor also noted that the bankruptcy court has the inherent equitable power to restructure the loan payment schedule in order to accommodate the debtor during the period of temporary financial difficulty. *Id.*

There has been no showing that any of the factors stated in *Brunner* are present in this case. In the statement submitted to the creditor, the debtor indicates that her monthly expenses exceed her monthly income. It has not been demonstrated, however, that the debtor's inability to repay the loan will be long term. The debtor is earning income and the statement of income and expenses indicates that the debtor has additional educational expenses which would evidence the pursuit of an educational degree. The debtor's receipt of the degree could very well lead to the attainment of more gainful employment which could provide the debtor with the means to repay the student loan. Further, there has been no assertion that the debtor has attempted to minimize her expenses.

The Court also questions the veracity of the statement which accompanied the agreed order submitted to the Court. Counsel for the debtor submitted a copy of the statement, not an original. The statement is unsworn and there is no supporting documentation attached to the statement.

The Court recognizes that the law permits a debtor to obtain a hardship discharge of a student loan where the debtor establishes that repayment will indeed result in an "undue hardship" to the debtor. However, the Court is also reminded of the many benefits bestowed by the federal student loan program. The student loan program has provided financial assistance to many students who could not otherwise afford the price of a college education. The success of such a program is grounded upon the repayment efforts of each student borrower. Where there is no showing that the debtor will in fact suffer an "undue hardship" by virtue of having to repay the student loan, the Court cannot in good conscience declare the debt dischargeable, even where the parties have agreed to the discharge of the obligation.

Based on the incomplete record before it, the Court must conclude that the agreement in this case is based on supposition, is not grounded in the law, and cannot be approved. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Agreed Order Discharging Guaranteed Student Loan is hereby denied. The trial of this case is hereby reset for *Tuesday, March 3, 1992, at the United States Bankruptcy Court, 51 S.W. 1st Avenue, Room 1409, Miami, Florida.*

DONE AND ORDERED.