In re Bernardino **PICHARDO, Debtor.**

Bernardino **PICHARDO, Plaintiff,**

v.

**UNITED STUDENT AID FUNDS, INC., Defendant.**

No. 94–05990–6B7.
Adv. No. 94–00374.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 11, 1995.

Michael Paasch, Orlando, FL, for debt-or/plaintiff.

Christie Arkovich, Tampa, FL, for defendant.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Orlando, in said District on the 16th day of May, 1995, before Arthur B. Briskman, Bankruptcy Judge.

This matter came before the Court on the complaint of the Debtor/Plaintiff, Bernardino Pichardo and United Student Aid Funds, Inc.'s Counterclaim, to determine the dischargeability of indebtedness owed to the Defendant, United Student Aid Funds, Inc. Appearing before the Court were the Debtor/Plaintiff, Bernardino Pichardo, his wife, Lucy Pichardo, Michael Paasch, attorney for the Debtor/Plaintiff, Christie Arkovich, attorney for the Defendant, United Student Aid Fund, Inc., and Alina M. Paradoa, interpreter, who translated the proceedings into Spanish for the Debtor/Plaintiff. After receiving and reviewing the pleadings, evidence, testimony, exhibits, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Bernardino Pichardo ("Debtor") is approximately 54 years old and cannot speak or read English with proficiency. Debtor is employed as a houseman at a hotel and supports both himself and his wife, who is disabled. Debtor's monthly expenses of approximately $691.00 enable he and his wife to maintain a minimal standard of living. These expenses exceed his monthly income of approximately $578.00. Debtor's household presents little prospect for increased earnings or other income in the foreseeable future.

Two promissory notes, ("the Notes"), were executed in May and September of 1990 between Debtor and the Defendant, United Student Aid Fund, Inc., ("Creditor"). The Notes constitute the contract between Debtor and Creditor. Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on November 18, 1994. Pursuant to Section 523(a)(8)(B) of the Bankruptcy Code, Debtor also filed a Complaint seeking the discharge of the indebtedness he owed to Creditor on December 12, 1994.

The indebtedness consists of a loan obtained by Debtor to finance the education of his daughter, Grisel Pichardo. Grisel Pichardo does not live with Debtor and provides no financial assistance for the support of either Debtor or his wife. This loan is an educational loan within the meaning of Section 523(a)(8) of the Bankruptcy Code. As of November, 1994, the balance that remained outstanding on this loan was $9,857.59. Taking into account all of Debtor's resources, including any prospect of increased earnings in the future, the Court finds that the repayment of this educational loan would constitute an undue hardship for Debtor and his dependent wife.

The Notes contain a provision requiring that Debtor pay for Creditor's reasonable attorney's fees if Creditor must hire an attorney to enforce payment under the Notes. Creditor filed a Counterclaim seeking, among other relief, an award of its reasonable attorney's fees pursuant to this provision on February 27, 1995. In his Answer to Creditor's Counterclaim, Debtor filed a Demand for Attorney's Fees pursuant to Florida Statute Section 57.105(2) on March 8, 1995.

The Court finds that the relief sought in Creditor's Counterclaim is due to be denied. The Court further finds that the reasonable attorney's fees sought by Debtor in his Answer to the Counterclaim are due to be granted. However, recoupment of attorney's fees is only appropriate when an issue has been disputed and litigation becomes necessary. Therefore, attorney's fees should not accrue until the issue is joined. The issue of dischargeability was not joined until February 28, 1995, when Debtor received Creditor's Answer. Creditor's Answer disputed that repayment of the educational loan would constitute an undue hardship for Debtor. The reasonable value of the services rendered to Debtor by Debtor's attorney is $1,150.00.

## CONCLUSIONS OF LAW

*I. Repayment of an Educational Loan Constituting Undue Hardship*

█ Section 523(a)(8)(B) of the Bankruptcy Code provides that an educational loan is

nondischargeable unless requiring the debtor to repay the loan would impose an undue hardship on the debtor and the debtor's dependents.

■ It is well settled that the words "undue hardship" are words of art whose definition is left to the discretionary judgment of the court. *Matter of Hemmen,* 7 B.R. 63 (Bankr.N.D.Ala.1980). It is clear that a "garden variety" hardship is insufficient since almost every debtor seeking relief under the Bankruptcy Code could claim substantial hardship in good faith. *In re D'Ettore,* 106 B.R. 715, 718 (Bankr.M.D.Fla.1989). The court must find the existence of "additional circumstances" that make it unreasonable to expect that the debtor and his dependents are likely for the foreseeable future to effect an improvement in their present needful circumstances. *Brunner v. New York State Higher Education Services Corp.,* 831 F.2d 395, 396 (2d Cir.1987); *see In re Connolly,* 29 B.R. 978, 982 (Bankr.M.D.Fla.1983); *In re Webb,* 132 B.R. 199, 202 (Bankr. M.D.Fla.1991); *In re Medeiros,* 86 B.R. 284, 286 (Bankr.M.D.Fla.1988); *In re Bowen,* 37 B.R. 171, 172 (Bankr.M.D.Fla.1984).

■ Three tests have been developed to determine whether an exception from dischargeability for an educational loan will constitute an undue hardship: the mechanical test, the good faith test and the policy test. *Connolly,* 29 B.R. at 982. These tests vary in emphasis, but certain factors are examined in the majority of cases: the debtor's ability to maintain a "minimal" standard of living for himself and his dependents if forced to repay the loan; the likelihood that a present inability to repay the loan will persist into the foreseeable future; and the debtor's good faith effort to obtain employment and minimize expenses. *Id.* at 982; *Brunner,* 831 F.2d at 396.

The Debtor has demonstrated an inability to maintain more than a minimal standard of living even if the loan is fully discharged. His most basic monthly expenses exceed his earnings by about 20% of those earnings.

Debtor's lack of education and lack of proficiency in English suggest strongly that his prospects for increased earnings are few.

His wife is disabled and is also unlikely to provide additional means with which the couple may reasonably expect to secure an improved standard of living.

Debtor has demonstrated good faith by attempting to maximize his income through reasonable employment and by minimizing his expenses to an extent that is reasonable under the circumstances.

The factors indicating that an undue hardship would be imposed on a debtor if the debtor is required to repay an educational loan are established. The repayment of this educational loan would constitute an undue hardship for Debtor and his dependent wife. This indebtedness is due to be discharged under Section 523(a)(8)(B) of the Bankruptcy Code.

## II. Award of Attorney's fees to Prevailing Party

■ Debtor requests an award of attorney's fees pursuant to Florida Statute Section 57.105(2) which provides:

If a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when the party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

■ In determining whether Debtor may be awarded his reasonable attorney fees under Florida Statute Section 57.105(2), the first inquiry is whether Creditor, if it had prevailed, could have enforced a contractual provision allowing its reasonable attorney's fees. The Eleventh Circuit Court of Appeals has held that the lack of statutory authorization under Section 523 for an award of attorney's fees to a creditor does not preempt the enforcement of a contractual agreement regarding such an award. *TranSouth Financial Corp. of Florida v. Johnson,* 931 F.2d 1505, 1507 n. 3 (11th Cir.1991). A prevailing creditor in a Section 523 dischargeability proceeding may recover attorney's fees through the enforcement of a contractual agreement between a creditor and a debtor that provides for such a recovery by the creditor.

*TranSouth,* 931 F.2d at 1509. Therefore, had Creditor prevailed in the instant dischargeability proceeding, Creditor would have been entitled to enforce a contractual provision allowing its reasonable attorney's fees.

"One of the primary purposes" behind the Bankruptcy Code is "to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh....'" *TranSouth,* 931 F.2d at 1508 (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (quoting *Williams v. U.S. Fidelity & Guaranty Co.,* 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915))). The debtor's fresh start may be impaired when, after undue hardship has been established and the debt discharged, the debtor nevertheless remains burdened with the additional attorney's fees he has incurred based upon the creditor's contesting dischargeability. Florida Statutes Section 57.105(2) safeguards the debtor's fresh start by providing reasonable attorney's fees to the genuine hardship debtor prevailing in a contested dischargeability proceeding when the contract between the creditor and the debtor provides for an award of the prevailing creditor's attorney's fees in an action to collect a debt under the contract.

The prevailing Creditor would have been entitled to enforce a provision in the Notes allowing its reasonable attorney's fees. The operation of Florida Statutes Section 57.105(2) is consistent with the Bankruptcy Code's fresh start. Therefore, pursuant to Florida Statute Section 57.105(2), the prevailing Debtor's reasonable attorney's fees are due to be awarded.

 Recoupment of attorney's fees is only appropriate when an issue has been disputed and litigation becomes necessary. It would be inequitable to impose attorney's fees on a creditor who has not contested the dischargeability of an educational loan pursuant to Section 523(a)(8)(B) of the Bankruptcy Code. Therefore, attorney's fees should not accrue until the issue has been joined. The issue of dischargeability was joined on February 28, 1995, when Debtor received Creditor's Answer. The Creditor's Answer disputed that payment of the educational loan would impose an undue hardship on Debtor and his dependent wife and sought to enforce a contractual provision awarding its own attorney's fees. Reasonable attorney's fees are therefore limited to the time expended on this matter once Debtor received Creditor's Answer.

 In awarding attorney's fees, reasonable hourly rates are based upon prevailing market rates in the relevant legal community for similar services by lawyers of comparable skills, experience and reputation. *Brooks v. Georgia State Bd. of Elections,* 997 F.2d 857 (11th Cir.1993). The burden is on the attorney claiming a fee in a bankruptcy proceeding to establish the value of his services. *In re Beverly Manufacturing Corp.,* 841 F.2d 365 (11th Cir.1988). In the instant case, the twelve factors used in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974) have been considered in the fee award.[1] The reasonable value of the services rendered to Debtor in this matter by Debtor's attorney is $1,150.00.

### CONCLUSION

The factors indicating that requiring a debtor to repay an educational loan would constitute an undue hardship for the debtor are established in the instant case. The Court finds that the repayment of this educational loan would constitute an undue hardship for Debtor and his dependent wife and shall except this indebtedness from non-dischargeability under Section 523(a)(8)(B) of the Bankruptcy Code.

The creditor would have been entitled to recover its attorney's fees pursuant to an enforceable provision in the Notes if it had

---

1. The twelve factors are: 1) The time and labor required; 2) The novelty and difficulty of the questions; 3) The skill requisite to perform the legal service properly; 4) The preclusion of other employment by the attorney due to acceptance of the case; 5) The customary fee; 6) Whether the fee is fixed or contingent; 7) Time limitations imposed by the client or other circumstances; 8) The amount involved and the results obtained; 9) The experience, reputation and ability of the attorneys; 10) The "undesirability" of the case; 11) The nature and length of the professional relationship with the client; 12) Awards in similar cases.

prevailed in the instant dischargeability proceeding. The Court may grant reasonable attorney's fees to the prevailing debtor pursuant to Florida Statute Section 57.105(2).

The Court finds that reasonable attorney's fees are due to be granted to Debtor in the amount of $1,150.00.

### JUDGMENT

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED AND DECREED** that the relief sought in the complaint of the Debtor/Plaintiff, Bernardino Pichardo, seeking the dischargeability of indebtedness owed by him to the Defendant, United Student Aid Funds, Inc., pursuant to 11 U.S.C. § 523(a)(8)(B), is **GRANTED** and **JUDGMENT** is entered in favor of the Debtor/Plaintiff, Bernardino Pichardo; and it is further

**ORDERED, ADJUDGED AND DECREED** that the relief sought in the Counterclaim of the Defendant, United Student Aid Funds, Inc., is **DENIED** and **JUDGMENT** is entered in favor of the Debtor/Plaintiff, Bernardino Pichardo; and it is further

**ORDERED, ADJUDGED AND DECREED** that the indebtedness owed by the Debtor/Plaintiff, Bernardino Pichardo, to the Defendant, United Student Aid Funds, Inc., is **DISCHARGEABLE** and shall be discharged if and when a discharge is granted in this case; and it is further

**ORDERED, ADJUDGED AND DECREED** that the relief sought in the Demand for Attorney's Fees in the Answer of the Debtor/Plaintiff, Bernardino Pichardo, to the Counterclaim of the Defendant, United Student Aid Funds, Inc., is **GRANTED;** and it is further

**ORDERED, ADJUDGED AND DECREED** that **JUDGMENT** is entered in favor of Debtor/Plaintiff, Bernardino Pichardo, and against Defendant, United Student Aid

Funds, Inc. for reasonable attorneys's fees in the amount of $1,150.00.