**In re Paul WOOLLACOTT, Sr., Debtor.**

**FLAGSHIP BANK AND TRUST COMPANY, Plaintiff,**

**v.**

**Paul WOOLLACOTT, Sr., Defendant.**

**Bankruptcy No. 96–03437–6B7.**
**Adversary No. 96–00342.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 13, 1997.

---

David McFarlin, Wolff, Hill, McFarlin & Herron, Orlando, FL, for debtor.

Jules Cohen, Akerman, Senterfitt & Eidson, Orlando, FL, for plaintiff.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Plaintiff's, Flagship Bank and Trust Company, Complaint Seeking Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B) and Objecting to Discharge Pursuant to 11 U.S.C. § 727 (Doc. 1), Amended Complaint Seeking Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B) and Objecting to Discharge Pursuant to 11 U.S.C. § 727 (Doc. 6), and Defendant/Debtor's Motion to Tax Costs and for Allowance of Attorney's Fees (Doc. 34). Appearing before the Court were Jules Cohen, counsel for Plaintiffs, Flagship Bank and Trust Company; and David McFarlin, counsel for Defendant/Debtor, Paul Woollacott, Sr. After reviewing the pleadings, evidence, exhibits, live testimony of Robert Babcock and Paul Woollacott, Sr., and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Defendant/Debtor, Paul Woollacott, Sr. ("Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 30, 1996. 11 U.S.C. § 101 *et seq.* The Debtor is a shareholder and officer of a corporation called NEN. NEN opened an Italian theme restaurant in September, 1995. NEN became unable to pay its debts as they became due; it terminated all business operations in May, 1996.

The Plaintiff made loans in the form of two Commercial Promissory Notes to NEN in May and July of 1995 in the total amount of $220,000.00. The Commercial Promissory Notes constitute a contract between the Plaintiff and NEN. The loan officer for the Plaintiff was Robert Babcock ("Mr.Babcock"). The Debtor and his non-debtor spouse, in addition to others, executed a Guaranty to the Plaintiff on May 4, 1995. The Guaranty between the Debtor and the Plaintiff constitutes a contract. The Guaranty provides that the term "obligation" shall include all interest, charges, costs, and expenses, including reasonable attorney's fees now due or that become due from NEN to the guarantors.

The loans were secured by almost all of NEN's assets. The Debtor gave the Plaintiff, in connection with the loans, the guaranty, pledge agreements, and a joint financial statement for the Debtor and his non-debtor spouse from January 11, 1995. The Plaintiff did not guide or instruct the Debtor with respect to the completion of this financial information. Instead, the Plaintiff relied on its personal knowledge of the Debtor with respect to his past business success and his favorable reputation. As a result of this reliance, the Plaintiff took no steps to verify or check the financial information provided to it by the Debtor. The loan was given to NEN on the basis of the Debtor's guaranty.

The Plaintiff filed this adversary proceeding through its' Complaint Seeking Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B) and Objecting to Discharge Pursuant to 11 U.S.C. § 727 (Doc. 1) on August 26, 1996. The Plaintiff filed an Amended Complaint Seeking Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B) and Objecting to Discharge Pursuant to 11 U.S.C. § 727 (Doc. 6) on September 12, 1996. The Debtor filed his Motion to Tax Costs and for Allowance of Attorney's Fees (Doc. 34) on April 7, 1997. The Debtor set forth 90.00 hours expended;

74.90 hours at a rate of $225.00 per hour, 2.50 hours at a rate of *$155.00* per hour, and 12.6 hours at a rate of $70.00 per hour. $18,122.00 is a reasonable fee and cost incurred are $414.15. These amounts are reflected in the Debtor's *Motion and attached exhibits.* (Doc. 34, ex. A, ex. B). The Debtor shall recover these amounts from the Plaintiff. The Plaintiff's dischargeability proceeding is an action through the enforcement of a contractual agreement, the Guaranty, between the Debtor and the Plaintiff.

### CONCLUSIONS OF LAW

The issue first issue before the Court is whether the Debtor's debt is to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(B).

The Plaintiff has not proven that the Debtor's debt was for the following

money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by ... use of a statement in writing that is materially false; respecting the debtor's or an insider's financial condition; on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and that the debtor caused to be made or published with intent to deceive....

11 U.S.C. § 523(a)(2)(B). The Plaintiff did not prove that the Debtor stated in writing anything materially false on which it reasonably relied and that the Debtor made such statement with intent to deceive. Accordingly, judgment with respect to the Plaintiff's Complaint Seeking Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B) and Amended Complaint Seeking Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B) is due to be entered against the Plaintiff and in favor of the Debtor.

The second issue before the Court is whether the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(4)(A), or (a)(5).

The Plaintiff has not proven that the Debtor

with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A). The Plaintiff has not proven that the Debtor "knowingly and fraudulently, in or in connection with the case made false oath or account." 11 U.S.C. § 727(a)(4). The Plaintiff has not proven that the Debtor failed to explain satisfactorily, before determination of denial of discharge ... "any loss of assets or deficiency of assets to meet the [D]ebtor's liabilities." 11 U.S.C. § 727(a)(5). The Plaintiff has not proven any facts to support its allegations. Accordingly, judgment with respect to the Plaintiff's Complaint Objecting the Discharge Pursuant to 11 U.S.C. § 727 (Doc. 1) and Amended Complaint Objecting the Discharge Pursuant to 11 U.S.C. § 727 (Doc. 6) is due to be entered against the Plaintiff and in favor of the Debtor.

The third issue before the Court is whether the Debtor may be awarded attorney's fees and costs.

Florida Statutes Section 57.105(2) provides the following:

If a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may allow reasonable attorney's fees to the other party when the party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Fl. Stat. § 57.195(2)(1996).

The creditor, Plaintiff, if it had prevailed, could have enforced the contractual provision allowing reasonable attorney's fees. The lack of statutory authority under 11 U.S.C. § 523 does not preempt the enforcement of a contractual agreement regarding such an award. *TranSouth Financial Corp. of Florida v. Johnson,* 931 F.2d 1505, 1507 n. 3 (11th Cir.1991). A prevailing creditor in a dischargeability proceeding may recover attorney's fees through the enforcement of a contractual agreement between a creditor and a debtor that provides for such recovery

by the creditor. *TranSouth Financial Corp. of Florida*, 931 F.2d at 1509. The Plaintiff, had it prevailed, would have been entitled to enforce a contractual provision allowing reasonable attorney's fees. *TranSouth Financial Corp. of Florida*, 931 F.2d at 1509.

A primary purpose of the Bankruptcy Code is to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh...." *TranSouth Financial Corp. of Florida*, 931 F.2d at 1508 (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934))(quoting *Williams v. U.S. Fidelity & Guaranty Co.*, 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915)). The debtor's fresh start is impaired when the plaintiff does not prevail in the dischargeability proceeding and the debtor remains burdened with the additional attorney's fees he has incurred due to his defense in the proceeding.

Florida Statute Section 57.105(2) safeguards a debtor's fresh start by providing reasonable attorney's fees to the prevailing party in any action with respect to a contract between the parties. Any action includes a dischargeability proceeding to collect a debt under a contract. Accordingly, the Debtor's reasonable attorney's fees are due to be awarded. This ruling is consistent with previous orders of this Court.[1]

The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).[2] The Court has discretion in determining the amount of fees. *Id.* at 438, 103 S.Ct. at 1942. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. The Debtor set forth the hours expended and the fee charged in its Motion to Tax Costs and Allowance for Attorney's Fees (Doc. 34, ex. A, ex. B).

First, a reasonable hourly rate must be determined. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir., 1988).[3]

The Court is familiar with the quality, expertise, and ability of the Debtor's attorney David McFarlin and his firm, Wolff, Hill, McFarlin & Herron, P.A. David McFarlin's representation of the Debtor in this dischargeability proceeding required skill, including organization, knowledge, and persua-

---

1. *Pichardo v. United Student Aid Funds, Inc. (In re Pichardo)*, 186 B.R. 279, 282 (Bankr.M.D.Fla.1995)(holding that where creditor would have been entitled to enforce provision in a contract providing reasonable attorney's fees but that Debtor was successful in dischargeability proceeding under 11 U.S.C. § 523(a)(8)(B), Debtor was entitled to recover reasonable attorney's fees).

2. The Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) declared that the lodestar as calculated in this case presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980) and adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir., 1974).

3. The court may consider any of the *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974) factors to the extent that they suggest comparables offered may not be relevant to the issue before the court or as they may affect the weight to be given to the compara-

bles being offered the court. The twelve factors include the following:

(1) the time and labor required;
(2) the novelty and difficulty of the legal questions;
(3) the skill required to perform the legal service properly;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee for similar work in the community;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorney;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

siveness. The blended fee of $150.00 reflects a rate of $225.00 per hour for attorney David McFarlin, $155.00 per hour for attorney Nicholas Bangos, and $70.00 per hour for paralegal Linda Kaplan. These amounts are within the range of prevailing market rate for lawyers and paralegals in Orlando, Florida. These rates, reflected in the Debtor's Motion and attached exhibits, are legitimate and reasonable hourly rates.

The next step is the ascertainment of reasonable hours. Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed. *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S.Ct. at 1939–40. The degree of success obtained is the most crucial factor. *Id.* at 436, 103 S.Ct. at 1941. The Debtor achieved complete success in defending the dischargeability proceeding. The Debtor's Motion and attached exhibits reflect 90.00 hours spent on the defense of this proceeding. 74.90 hours are attributable to work done by attorney David McFarlin, $2.50 hours are attributable to attorney Nicholas Bangos, and 12.60 hours are attributable to paralegal Linda Kaplan. The Motion and attached exhibits justify the alleged hours worked.

The reasonable fee is determined by multiplying the reasonable rates of $225.00 times 74.50 hours, plus $155.00 times 2.50 hours, plus $70.00 times 12.60 hours. $18,122.00 is a reasonable fee charged and it has a reasonable basis in the evidence. Accordingly, the Debtor is due to recover $18,122.00 as a reasonable attorney's fee and $414.15 in costs incurred for prevailing in this dischargeability proceeding.