In re Bhoopendra Jairam
MOWJI, Debtor.

**Karve Family Limited Partnership,
Plaintiff,**

v.

**Bhoopendra Jairam Mowji, Defendant.**

**Bankruptcy No. 97–5183–3P7.
Adversary No. 97–337.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 4, 1999.

---

Richard A. Perry, Ocala, FL, for defendant.

Lansing J. Roy, Jacksonville, FL, for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Bhoopendra Jairam Mowji's ("Defendant") Motion to Tax Costs and for Allowance of Attorney's Fees pursuant to Local Rule 7054-1. After a hearing on September 15, 1998 the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Defendant was a motel operator in Ocala, Florida acting as a shareholder and officer of Ocala Lodging, Inc. ("Ocala Lodging").

2. Through Ocala Lodging Defendant sought to renovate and reopen a motel in Ocala, Florida which had been closed for a significant time period.

3. Karve Family Limited Partnership ("Plaintiff") made loans to Ocala Lodging represented by two promissory notes ("the notes").

4. The notes contained written provisions in which Defendant personally guaranteed payment of the obligations under the notes.

5. Under the terms of the notes Defendant was obligated to pay Plaintiff the cost of collection, "including a reasonable attorney fee", if there was a default in payment under the notes.

6. Ocala Lodging eventually failed as a business venture and Defendant defaulted in

payments to Plaintiff. Plaintiff sued Ocala Lodging and Defendant in a state court proceeding on the notes.

7. On June 10, 1997 a money judgment in the amount of $333,201.57 was entered in favor of Plaintiff for principal and interest together with costs and attorney's fees.

8. On July 10, 1997 Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Thereafter, Plaintiff commenced an adversary proceeding seeking an exception to Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(B).

9. The Complaint alleged that, based upon the contractual provisions providing for attorney's fees in the notes, Defendant was "liable to Plaintiff for all attorney's fees associated with this adversary proceeding."

10. In its Answer, Defendant alleged he was entitled to an order awarding attorney's fees pursuant to Florida Statutes § 57.105(2).

11. A trial in the adversary proceeding was held on May 12, 1998. On August 3, 1998 the Court entered Findings of Fact and Conclusions of Law and a judgment finding the debt owed by Defendant to Plaintiff to be dischargeable.

12. Upon entry of the Findings of Fact and Conclusions of Law and the judgment, Defendant filed Motion for Fees and Costs.

13. At the hearing on September 15, 1998 Plaintiff disputed Defendant's entitlement to an award of attorney's fees and costs.

14. Both Plaintiff and Defendant, however, stipulated to the following facts:

a. The underlying debt owing to Plaintiff is not a consumer debt within the meaning of § 523(b) of the Bankruptcy Code.

b. If attorney's fees are awarded, 46.5 hours are a reasonable number of hours for counsel for the Defendant to expend in representing the Defendant in this adversary proceeding and $175.00 per hour is reasonable.

c. If costs are taxed, $564.00 is reasonable.

### CONCLUSIONS OF LAW

Because the parties have stipulated the debt owing Plaintiff was not a consumer debt Defendant is precluded from seeking to recover attorney's fees under § 523(d) of the Bankruptcy Code. However, the lack of statutory authority under § 523 does not preempt the enforcement of a contractual agreement regarding such an award. *See Tran-South Fin. Corp. of Florida v. Johnson*, 931 F.2d 1505, 1507 n. 3 (11th Cir.1991). A prevailing creditor in a dischargeability proceeding may recover attorney' fees through the enforcement of a contractual agreement between a creditor and a debtor. *Id.* at 1509.

A primary purpose of the Bankruptcy Code is to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh...." *Id.* at 1508 (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (quoting *Williams v. U.S. Fidelity & Guaranty Co.*, 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915))). Further, "[t]he debtor's fresh start is impaired when the plaintiff does not prevail in the dischargeability proceeding and the debtor remains burdened with the additional attorney's fees he has incurred due to his defense in the proceeding." *Flagship Bank and Trust Co. v. Woollacott (In re Woollacott)*, 211 B.R. 83, 87 (Bankr.M.D.Fla.1997).

Florida Statutes § 57.105(2) provides a means of preserving the debtor's fresh start. It provides as follows:

If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract....

Fla.Stat.Ann. § 57.105(2) (West 1998). "Any action includes a dischargeability proceeding to collect a debt under a contract." *In re Woollacott*, 211 B.R. at 87; *Pichardo v. United Student Aid Funds, Inc. (In re Pichardo)*, 186 B.R. 279, 283 (Bankr.M.D.Fla.1995). Accordingly, Defendant is entitled to an award of reasonable attorney's fees. Further, as

the prevailing party, Defendant is entitled to an award of costs pursuant to Federal Rule of Bankruptcy Procedure 7054.

■ In response to Defendant's Motion, Plaintiff asserts that when the judgment was entered against Defendant in the state court proceeding, the notes had merged into the judgment. Therefore, pursuant to Plaintiff's theory, the adversary proceeding was based upon the judgment and not the contractual provisions of the notes. Accordingly, because the notes merged into the judgment there are no contractual provisions to enforce regarding an award of costs and attorney's fees. However, because Plaintiff has consistently asserted its right to attorney's fees in this proceeding it is now judicially estopped from asserting a contrary position in this matter. *In re McCoy*, 163 B.R. 206, 210 (Bankr.M.D.Fla.1994); *Gaye–Joy Corp., Inc. v. Crow (In re Gaye–Joy Corp., Inc.)*, 84 B.R. 235, 237 (Bankr.M.D.Fla.1988).

The parties having stipulated as to a reasonable amount for attorney's fees and costs, the Court now concludes that Defendant is entitled to recover the sum of $8,137.50 as reasonable attorney's fees and $564.00 in costs. A separate Order and Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law