**In re James Stephen HUNTER, Debtor.**

**Citizens First National Bank, Plaintiff,**

v.

**James Stephen Hunter, Defendant.**

**Bankruptcy No. 98–00585–3P7.**
**Adversary No. 98–88.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 22, 1999.

Aaron R. Cohen, Jacksonville, Florida, for plaintiff.

Albert H. Mickler, Jacksonville, Florida, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Chief Judge.

This Proceeding came before the Court upon James Stephen Hunter's ("Defendant") Motion for Award of Attorney's Fees and Costs to Prevailing Party pursuant to Local Rule 7054–1. After a hearing on March 16, 1999 the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Prior to June, 1991 Defendant managed two corporate business entities, Certified Aviation, Inc. ("Certified") and Steve's Electronics ("Steve's"). Certified bought, refurbished, and subsequently sold small aircraft for profit.

2. Both corporations had extensive business dealings with Citizens First National Bank ("Plaintiff"). The subject matter of this adversary proceeding involved three loans Defendant made to Certified and Steve's. The first loan was for approximately $68,000.00. This loan was made to Certified and was secured by a 1972 Cessna aircraft. The second loan, also to Certified, was for approximately $28,500.00 and was secured by a 1961 Cessna aircraft. The third loan for $21,000.00 was unsecured and was made to Steve's.

3. Defendant personally guaranteed repayment of the loans.

4. The loan documents contained a provision obligating Defendant to pay reasonable attorney's fees and costs in the event the bank resorted to collection.

5. Certified and Steve's eventually failed as business ventures and Defendant defaulted on his guarantee obligations to Plaintiff.

6. Plaintiff sued in state court.

7. On January 26, 1998 Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Doc. 1.)

8. On April 27, 1998 Plaintiff filed an adversary proceeding objecting to Defendant's discharge in its entirety pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4) and to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (B) and (a)(6). (Adv.Doc. 1.)

9. In his answer Defendant counterclaimed and requested attorney's fees. (Adv.Doc. 4.)

10. A trial in the adversary proceeding was conducted on September 14, 1998 and October 14, 1998. On February 1, 1999 the Court entered Findings of Fact and Conclusions of Law and a Judgment. The Court overruled Plaintiff's objection to discharge pursuant to § 727, and held that the debt was not excepted from discharge pursuant to § 523. (Adv.Docs.24, 25.)

11. On February 16, 1999 Defendant filed Motion for Award of Attorney's Fees and Costs. (Adv.Doc. 28.)

12. The Court held a hearing on March 16, 1999.

### CONCLUSIONS OF LAW

▇ Defendant concedes that the debt is not a consumer debt, and therefore, he is precluded from seeking attorney's fees under § 523(d) of the Bankruptcy Code. (Def.'s Br. at 3.) Defendant relies instead on the contractual provision that allows Plaintiff to recover its attorney's fees in the event it attempts to collect the debt. (Def.'s Br. at 3–5.) This Court has held that the lack of statutory authority does not preclude the enforcement of a

contractual agreement regarding such an award. *Karve Ltd. Family Partnership v. Mowji (In re Mowji)*, 228 B.R. 321, 323 (Bankr.M.D.Fla.1999) (citing *TranSouth Financial Corp. of Fla. v. Johnson*, 931 F.2d 1505, 1507 n. 3 (11th Cir.1991)). A prevailing creditor in a dischargeability proceeding may recover attorney's fees through the enforcement of a contractual agreement between a creditor and a debtor that provides for such recovery by the creditor. *Id.* at 1509. Plaintiff argues that *TranSouth* does not suggest that a defendant who is successful in defending a nonconsumer related dischargeability action has authority to seek attorney's fees. Defendant's contention regarding the nonconsumer nature of the proceeding is without merit because *TranSouth's* holding was not limited to consumer debt. *Id.* at 1509. "After examining the plain language of Section 523 and the policy of the Bankruptcy Code in general, and Section 523, in particular, we hold that a creditor successful in a dischargeability proceeding may recover attorney's fees when such fees are provided for by an enforceable contract between the creditor and the debtor." *Id.* Florida Statutes § 57.105(2) provides as follows:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant with respect to the contract.

Fla.Stat.Ann. § 57.105(2) (West 1999). "Any action includes a dischargeability proceeding to collect a debt under a contract." *In re Mowji*, 228 B.R. at 323 (quoting *Flagship Bank and Trust Co. v. Woollacott (In re Woollacott)*, 211 B.R. 83 (Bankr.M.D.Fla.1997)).

Plaintiff contends that an award of fees would be inequitable because a portion of the complaint was brought pursuant to § 523(a)(6), which sounds in tort rather than contract. (Pl.'s Br. at 3.) It is clear, however, that Plaintiff brought the proceeding to enforce the contract. In its brief Plaintiff addresses at length the inequity of an award of attorney's fees to Defendant. (*Id.* at 3–4.) As support for its position, Plaintiff asserts that Defendant's testimony was constantly changing up until the date of trial and that Defendant's bankruptcy schedules were inaccurate. (*Id.*) The Court held in Findings of Fact and Conclusions of Law dated February 1, 1999, that Plaintiff failed to meet its burden of proof in order to deny Defendant's discharge pursuant to 11 U.S.C. § 727 or to except any debt owed by Defendant to Plaintiff from discharge pursuant to 11 U.S.C. § 523. (Adv.Doc. 24.) Also, on March 16, 1999, the Court denied Plaintiff's Motion for Rehearing of Findings of Fact and Conclusions of Law and Judgment. (Adv.Doc. 31.) The Court will not address issues it has already decided.

Plaintiff also points out that it had a good faith basis in pursuing the litigation and that the only reason for the § 727 lawsuit was Debtor's inadequate preparation of his schedules. (Pl.'s Br. at 4.) The Court does not find these arguments persuasive. If Plaintiff had prevailed, it would have been entitled to enforce the contractual provision allowing attorney's fees. By application of § 57.105(2), Defendant is similarly entitled. Taking into account the twelve factors articulated by the court in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir.1974)[1], the Court finds that $7,796.25 is a reasonable attorney's fee.

Defendant also requests that the Court award costs, asserting that it is so entitled pursuant to Bankruptcy Rule of Procedure 7054. Federal Rule of Civil Procedure 54 made applicable through Bankruptcy Rule of Procedure 7054 pro-

---

**1.** The twelve factors are: 1.) The time and labor required; 2.) The novelty and difficulty of the legal questions; 3.) The skill requisite to perform the legal services properly; 4.) The preclusion of other employment by the attorney due to acceptance of the case; 5.) The customary fee for similar work in the community; 6.) Whether the fee is fixed or contin-

vides as follows: "the Court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." FED.R.CIV.P. 54; FED.R.BANKR.P. 7054. The awarding of costs is discretionary, not mandatory. The Court in its discretion declines to award costs to Defendant.

## CONCLUSION

Based upon the foregoing, the Court concludes that Defendant is entitled to an award of attorney's fees incurred in defending the proceeding. The Court declines to award costs to Defendant. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

gent; 7.) Time limitations imposed by the client or other circumstances; 8.) The amount involved and the results obtained; 9.) The experience, reputation, and ability of the attorney; 10.) The "undesirability" of the case; 11.) The nature and length of the professional relationship with the client; 12.) Awards in similar cases.