[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2005
THOMAS K. KAHN
CLERK

No. 04-11760

_____

D. C. Docket Nos. 03-21963-CV-JEM & 02-10858-BKC-RA

In Re:        CARLOS JULIO MARTINEZ,

                                        Debtor.

_____

CADLE COMPANY,

                                        Plaintiff-Appellee,

                        versus

CARLOS JULIO MARTINEZ,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 13, 2005)**

Before DUBINA, PRYOR and RONEY, Circuit Judges.

RONEY, Circuit Judge:

        Carlos Martinez filed a Chapter 7 bankruptcy petition listing the Cadle

Company as a creditor on a $50,000 commercial loan originally made by Barnett

Bank to Martinez and assigned to Cadle. Cadle had filed suit against Martinez in state court, but the bankruptcy petition preceded the resolution of that case. Cadle opposed the discharge of the debt in bankruptcy by filing an Adversary Complaint in the bankruptcy court arguing that the debt should not be dischargeable under 11 U.S.C. § 523(a)(2) and (6), because Martinez had made oral and written misrepresentations in obtaining the loan by representing that the purpose of the loan was to help his own business, when in fact the proceeds went to assist his brother.

After a full trial, the bankruptcy court held that Cadle failed to prove that Martinez had made any false representations that were relied upon in approving the loan and that the loan was indeed dischargeable. Martinez then moved for attorney's fees against Cadle. Fees were granted by the bankruptcy court. The district court reversed. We reverse and hold that, under the facts and the law in this case, the judgment of the bankruptcy court relating to attorney's fees and costs should have been affirmed by the district court.

The district court adopted the holding of *In re Sheridan*, 105 F.3d 1164 (7th Cir. 1997), and held that Florida's reciprocal attorney's fee statute, Florida Statute § 57.105(6) did not apply, and that there was no precedential support for an award of fees to a prevailing debtor, such as Martinez, in non-consumer debt cases under federal law. In a case of first impression in this Circuit, we hold that a prevailing

debtor in a dischargeability action brought by his creditor can recover his attorney's fees and costs incurred in those dischargeability proceedings if recovery of such are due under an enforceable contractual right, such as a statutory reciprocal attorney's fee provision, provided for by state law.

Generally, in federal litigation, including bankruptcy litigation, a prevailing litigant may not collect an attorney's fee from his opponent unless authorized by either a federal statute or an enforceable contract between the parties. *See Alyseka Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *In re Fox*, 725 F.2d 661, 662 (11th Cir. 1984). The sole federal statutory authority for an award of attorney's fees and costs in a dischargeability proceeding under section 523(a)(2) appears at section 523(d), which provides attorney's fees and costs for a prevailing debtor if a creditor "requests a determination of dischargeability of consumer debtor under subsection (a)(2) of this section, and such debt is discharged . . .." 11 U.S.C. § 523(d). Here, it is undisputed that Martinez's debt involved commercial rather than consumer debt so that federal statutory provision thus does not apply.

As to the contract between the parties, the "Business Note and Security Agreement" between Martinez and Barnett Bank, which was executed in Florida, expressly stated that it was to be "governed by and construed in accordance with"

Florida law.  The contract contained an "Attorneys' Fees" and "Expenses"

provision that stated the following in relevant part:

> Borrower agrees to pay upon demand all of Lender's
> costs and expenses, including reasonable attorney's fees
> and Lender's legal expenses, incurred in connection with
> the enforcement of this Agreement. . . .  Costs and
> expenses include Lender's reasonable attorney's fees and
> legal expenses whether or not there is a lawsuit,
> including reasonable attorney's fees and legal expenses
> for bankruptcy proceedings (and including efforts to
> modify or vacate any automatic stay or injunction),
> appeals, and any anticipated post-judgment collection
> services.

In sum, the contract provided that Barnett, the creditor, would be entitled to

attorney's fees in enforcing the contract against Martinez if it had won.  Florida

law, however, guarantees that contractual provisions for attorney's fees cannot be

one-sided.  Florida Statute § 57.105(6), which has been recodified into several

varying subsections of the Florida Statutes but is identical to the subsection

analyzed by the district and bankruptcy courts here, contains the following

reciprocal attorney's fees provision:

> If a contract contains a provision allowing attorney's
> fees to a party when he or she is required to take any
> action to enforce the contract, the court may also allow
> reasonable attorney's fees to the other party when that
> party prevails in any action, whether as plaintiff or
> defendant, with respect to the contract.  This subsection
> applies to any contract entered into on or after October 1,
> 1988.

4

Fla. Stat. § 57.105(6).

*TranSouth Fin. Corp. v. Johnson*, 931 F.2d 1505 (11th Cir. 1991), involved a claim for attorney's fees by a creditor who had successfully opposed the dischargeability of the debt in bankruptcy. This Court held that, although § 523 of the Bankruptcy Code did not expressly provide for attorney's fees, "a creditor successful in a dischargeability proceeding may recover attorney's fees when such fees are provided for by an enforceable contract between the creditor and debtor." 931 F.2d at 1509. This Court reasoned that the "debt" excused from discharge in a successful bankruptcy action included a debtor's contractual obligation to pay a creditor's attorney's fees if the agreement to pay those fees was indeed enforceable, which was governed by local law. 931 F.2d at 1507. We then looked to Florida law and reasoned as follows:

> The Note clearly and unambiguously provides that the [debtors] would be liable for [the creditor's] attorney's fees in the event [they] defaulted and [the creditor] had to hire an attorney to collect the balance due on the Note. Florida law validates and enforces such contractual provisions for reasonable attorney's fees. *See, e.g., Cheek v. McGowan Elec. Supply Co.*, 511 So. 2d 977 (Fla. 1987); *Sybert v. Combs*, 555 So. 2d 1313, 1313-14 (Fla. Dist. Ct. App. 1990).

931 F.2d at 1508.

After determining that the contract for attorney's fees between the debtor and creditor was enforceable under Florida law, we noted, "One of the primary

5

purposes of the bankruptcy act is to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." 931 F.2d at 1508 (citations and quotations omitted). We determined, however, that because the debtor in *TranSouth* had attempted to defraud the creditor, "allowing [the creditor] to recover attorney's fees under circumstances of this case will not contravene the 'fresh start' policy of the Bankruptcy Code, which was designed to protect the honest debtor." 931 F.2d at 1508.

The facts of the *TranSouth* case did not address the converse situation, as we have here, where a prevailing debtor in a dischargeability proceeding seeks attorney's fees.

Most of the bankruptcy courts interpreting our *TranSouth* decision have extended its reasoning to include debtors who have prevailed in dischargeability proceedings. *See In re Hunter*, 243 B.R. 824, 826 (Bankr. M.D. Fla. 1999) (awarding fees to prevailing debtor in dischargeability proceeding brought by creditor); *In re Mowji*, 228 B.R. 321, 323-24 (Bankr. M.D. Fla. 1999); *In re Eckert*, 221 B.R. 40, 45-46 (Bankr. S.D. Fla. 1998); *In re Woollacott*, 211 B.R. 83, 87 (Bankr. M.D. Fla. 1997); *Pichardo v. United Student Aid Funds, Inc.*, 186 B.R. 279, 283 (Bankr. M.D. Fla. 1995); *but see In re Maestrelli*, 172 B.R. 368, 371 (Bankr. M.D. Fla. 1994) (holding that "it would be stretching the holding of *TranSouth* to conclude that it equally applies to debtors in litigation which is not a

6

civil suit in the orthodox sense but merely a determination of dischargeability, *vel non*, of a debt pursuant to § 523(c) of the Bankruptcy Code in which the only provision which permits the award of attorney's fees to a debtor is pursuant to § 523(d), a Section not applicable . . .. Thus, the mutuality of remedy provisions of Fla. Stat. § 57.105(2) does not apply in the present instance notwithstanding *TranSouth*.").

In a 2-1 decision, the Seventh Circuit, which the district court here adopted, held to the contrary. *See In re Sheridan*, 105 F.3d 1164 (7th Cir. 1997). There, the court held that a prevailing debtor in a dischargeability proceeding could not receive attorney's fees under federal bankruptcy law absent an expressed contractual provision stating that the debtor was entitled to those fees. 105 F.3d at 1167. The *Sheridan* court refused to look to Florida law and declined to incorporate its reciprocal attorney's fees statute, reasoning, "Although the validity of a creditor's claim in bankruptcy is assessed by looking to relevant state law rules . . ., the alleged non-dischargeability of that debt presents an issue of federal law independent of the issue of the validity of the underlying claim." 105 F.3d at 1167 (internal quotation and citation omitted). The "basis under federal law" for recognizing the creditor's contractual right to recover claim was, the *Sheridan* court opined, under Seventh Circuit precedent and to decisions similar to our *TranSouth* decision, that the attorneys' fee contract between the debtor and creditor

7

became part of the "debt" deemed non-dischargeable under section 523(a)(2). 105 F.3d at 1167. The court then reasoned that there "is no similar basis under the Bankruptcy Code for incorporating the Florida reciprocity statute on which [the debtor] relies." 105 F.3d at 1167.

Judge Cudahy's dissent in *Sheridan*, however, recognized that Florida law, which applies to Florida contracts, does not permit one-sided attorney's fees provisions in enforcing a contract. Here, Cadle, in an attempt to increase its likelihood of getting paid on Martinez's note – *i.e.*, in an attempt to enforce that contract, which would have been substantially diminished had the bankruptcy court discharged that debt – , filed an adversary complaint questioning the usage of those loaned funds. Had Cadle prevailed at the adversary proceedings, then *TranSouth* would dictate that Cadle get its attorney's fees under the contract provision, so long as it was valid under Florida law. Florida law says that you cannot have one-sided attorney's fee contract provision. It is as if the contract between Barnett Bank and Martinez "contained a clause reciting the language of Florida Statutes §57.105(2)." *In re Sheridan*, 105 F.3d at 1168 (Cudahy, J., dissenting); *see also City of Homestead v. Beard*, 600 So. 2d 450, 454-55 (Fla. 1992) (noting that "the laws existing at the time and place of the making of the contract where it is to be performed which may affect its validity, construction, discharge, and enforcement,

8

enter into and become part of the contract as if they were expressly referred to or actually copied or incorporated therein") (quotation and citation omitted).

Here, the debtor prevailed, and there was a contractual right to attorney's fees under the "Business Note and Security Agreement" contract between the debtor and creditor when it was read in light of the Florida's attorney's fee reciprocity statute, which was incorporated into the contract by operation of law. This award of attorney's fees is without regard to whether "state law issues" were "actually litigated" in the bankruptcy dischargeability proceedings because the recoverability of attorney's fees and costs under the facts and circumstances of this case is afforded by a matter of contract. *But see, Renfrow v. Draper*, 232 F.3d 688, 694 (9th Cir. 2000) (reversing award of attorney's fees to creditor in dischargeability proceedings because "attorney's fees should be awarded solely to the extent that they were incurred in litigating state law issues"). To deny a debtor attorney's fees and costs for prevailing in a dischargeability proceeding brought by a creditor, where those same fees would have been available under state contract law for the creditor had it prevailed, would contravene the primary purpose of the bankruptcy statute, which is "to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *TranSouth Fin. Corp.*, 931 F.2d at 1508 (quotation and citation omitted).

The district court's order reversing judgment of the bankruptcy court is reversed, and the judgment of the bankruptcy court relating to attorney's fees and costs is reinstated.

**REVERSED AND REMANDED.**